Argued October 12, modified November 10, 1914.

## POSTAL TELEGRAPH CO. v. FORSTER.

(144 Pac. 491.)

**Telegraphs and Telephones—Prescriptive Easements—Extension of Use.**

1. Where a telegraph company, without grant or license, set its poles on the border of land owned by defendants with the cross-arms extending three feet over such land, the prescriptive use of the easement for a time exceeding the statutory period of limitation did not give it a right to attach cross-arms extending eight feet over such land for the purpose of stringing additional wires.

[As to poles and wires of telegraph and telephone companies in streets and highways and over private property, see note in 28 Am. St. Rep. 229.]

**Telegraphs and Telephones—Unlawful Construction—Remedies—Injunction.**

2. Where a telegraph company, which had acquired a prescriptive right to maintain its poles with the cross-arms extending three feet over defendants' land, was about to attach cross-arms extending eight feet over such land, defendants were entitled to injunctive relief and were not limited to a recovery of damages; the suit in which such injunctive relief was granted having been brought before the new cross-arms were put up and before any extra wires had been strung, authorizing a use of the means of communication in the interest of the public.

**Telegraphs and Telephones—Prescriptive Easements—Extension of Use.**

3. Where a telegraph company had acquired a prescriptive right to maintain its poles on the border between defendants' land and a railroad right of way with the cross-arms extending three feet over defendants' land, it could not be enjoined from using its wires for telephone purposes, though Act of Congress of July 24, 1866, Chapter 230, 14 Stat. 221, authorizing any telegraph company to construct and operate telegraph lines over and along post roads, does not give the right to maintain telephone lines, as the use of the wires for telephone purposes cast no additional burden upon defendants' premises.

From Linn: WILLIAM GALLOWAY, Judge.

Department 1.    Statement of MR. JUSTICE MOORE.

This is a suit by the Postal Telegraph Company, a Corporation, against Georgiana Forster, M. L. Forster and Bessie S. McDonald, to enjoin interference

with an easement.  In 1886 the plaintiff's predecessor built through Linn County, Oregon, a telegraph line setting, without grant or license, in land now owned by the defendants, three poles and putting up a little east thereof and on the border between such land and the right of way of the Oregon & California Railroad Company 15 other poles.  A cross-arm six feet in length was bolted in the middle to each pole about a foot from the top and 19 feet from the ground, whereby four wires could be supported.  When the line was constructed there was spiked to each pole, about a foot below the cross-arm, a wooden bracket to sustain a line of wire, and thereafter another like bracket was placed opposite the first.  When the poles were put up two wires were strung, and three other wires have subsequently been added.  The joint use of the poles to maintain ten additional wires was let to the Home Telephone Company, to accommodate which the plaintiff's agents, on February 1, 1913, undertook to place on the poles, about 16 feet from the ground, other cross-arms, so that two feet thereof would extend over the right of way and eight feet over the defendants' land.  The longer end of the arm was to be upheld by an iron brace 8 feet long, the lower end of which was to be fastened to the pole at a point 11 feet from the ground.  As the placing of wires on the new projection would have interfered with the limbs of fruit trees growing on their premises, the defendants forcibly prevented the putting up of long cross-arms, whereupon this suit was begun.  The cause being at issue was tried, resulting in a decree perpetually enjoining the use of the proposed cross-arms and from maintaining any wires for telephone purposes, and the plaintiff appeals.

MODIFIED.

For appellant there was a brief over the names of *Messrs. Holman & Hampson* and *Mr. Gale S. Hill,* with an oral argument by *Mr. Alfred A. Hampson.*

For respondents there was a brief over the name of *Messrs. Weatherford & Weatherford,* with an oral argument by *Mr. James K. Weatherford.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. No authority having been given to set poles or maintain a telegraph line on the land referred to, does such prescriptive use of the easement for a time exceeding the statute of limitations carry with it the right to attach extended cross-arms to the poles and to string thereon such additional wires as may be necessary to meet the demand of increased business, and can any of the wires that have been or may be put up be used for telephone purposes? As tending to uphold the right undertaken to be exercised, reliance is placed upon the decision rendered in *Western Union Tel. Co.* v. *Polhemus,* 178 Fed. 904 (29 L. R. A. (N. S.) 465, 102 C. C. A. 105). In that case the plaintiff's predecessor, pursuant to an act of the legislature of New Jersey authorizing the construction of a telegraph line on public roads but not to interfere with travel thereon, set in 1846, in a highway telegraph poles about 150 feet apart and added extra cross-arms, stringing thereon wires to meet the necessary demand therefor. In 1903 a severe storm threw down the wires for quite a distance, and in order to prevent a recurrence of the prostration the plaintiff began setting an extra pole midway between every two poles in front of the defendants' premises, but not so as to interfere with the use of the public road. The defendants denied the

right to set extra poles without compensation for the supplemental burden to the easement, and, no payment therefor having been made, they cut down the additional poles that had been put up. In order to enjoin such interference, a suit was commenced in the Circuit Court of the United States for the district of New Jersey resulting in a decree denying the relief sought: *Western Union Tel. Co.* v. *Polhemus* (C. C.), 167 Fed. 231. Thereupon the cause was reviewed in the Circuit Court of Appeals, Third District, which reversed the decree, holding that the plaintiff's predecessor having acquired a right of way for its telegraph line, whether by condemnation or by grant without limitation, the easement thus secured could be used in the future in any manner that might be incidentally necessary or convenient for the principal purpose for which it was acquired. In deciding the case, the court observes:

"It seems that strengthening the line by additional poles was an incident to the enjoyment of the easement originally acquired. It was conducive to the advancement of the purpose for which the land was originally taken; for a company vested with the right of eminent domain it is not to be restricted to such a limited exercise of that power that the public use, the full enjoyment of which alone justifies the grant of the high power of eminent domain, will be crippled in enjoyment. On the contrary, the scope of the power is commensurate with the full use of the end in view. And as in condemnation, so also, when an easement for a public use exists by grant, or presumption of grant, such grant, unless in some way restricted, is presumed to embrace every incident conducive to the entire enjoyment of the grant."

Though the decision referred to sustained the placing of twice as many telegraph poles as had previously been set in the highway, the fee of which was undoubt-

edly in the proprietors of the abutting lands, such an additional burden upon the existing public easement was evidently necessary adequately to support the wires then in use.  In the case at bar, however, the plaintiff undertook to extend the longer end of the cross-arm over the defendants' land five feet beyond the original projection, not to sustain wires then in use or to prevent their prostration by severe storms, but to suspend wires to be used by its lessee, thereby interfering with the limbs of fruit trees growing on the defendants' premises.  The authority of the plaintiff's predecessor to build and maintain a part of its telegraph line over the land now owned by the defendants, not having been secured under color of title so that the use would be coextensive with the grant, but the right having been initiated by prescription is limited in its operation by the notice of the adverse use which was given by placing the three-foot projection of the cross-arm over such land and cannot now be extended so as further to encroach upon such premises without condemnation: *Salem Mills Co.* v. *Lord,* 42 Or. 82 (69 Pac. 1033, 70 Pac. 832).

2. It is maintained by plaintiff's counsel that the defendants' remedy was an action to recover the damages for the injury which their premises would have sustained by placing the new cross-arms and stretching wires thereon, and, such being the case, an error was committed in granting the injunction herein. Thus in *Wirth* v. *Postal Telegraph Co.,* 7 Ohio C. C. R. 290, the plaintiff undertook to enjoin the stringing in the street in front of his premises of additional wires upon a pole which had been continuously used by the defendant for nine years before the plaintiff purchased his property, and it was held that his remedy was at law.  The decision in that case proceeds upon the

theory that as a telegraph line was a means of transporting messages in which the public had an interest, and such instrumentality had been constructed and was in operation, equity would not enjoin the use thereof, and hence an action at law to recover the damages sustained was the proper remedy. Somewhat analogous to the rule thus recognized is the principle that, when a railway line has been built and is operated over land to which no right of way has been secured, an action by the owner of the real property to recover the damages sustained does not entitle him to obtain from the railway company the value of the improvements which it has placed or made upon his premises : *Oregon R. & N. Co.* v. *Mosier,* 14 Or. 519 (13 Pac. 300, 58 Am. Rep. 321) ; *Larsen* v. *Oregon R. & N. Co.,* 19 Or. 240 (23 Pac. 974). The rule invoked herein is without merit for the new cross-arms had not been put up when this suit was commenced, and for that reason no extra wires had been strung beyond the three feet of the original cross-arms so as to authorize a use of the means of communication in the interest of the public. The right to construct the main line of a railway upon a narrow strip of land granted for that purpose does not authorize the railway company to build a sidetrack on land of an abutting owner without compensation therefor. Neither does the use by the plaintiff of an easement three feet wide across the defendants' premises authorize a further appropriation of five additional feet without paying the damage which may be caused thereby.

3. It will be remembered that the plaintiff was perpetually enjoined from using for telephone purposes any wires then or thereafter to be put up over the defendants' land. This part of the decree was evidently predicated upon the rule announced in the case

of *Richmond* v. *Southern Bell Telephone & Telegraph Co.*, 174 U. S. 761 (43 L. Ed. 1162, 19 Sup. Ct. Rep. 778), where the defendant, relying upon the Act of Congress of July 24, 1866, Chapter 230, 14 Stat. 221, which authorized any telegraph company to construct and operate telegraph lines over and along post roads, claimed the right to maintain telephone lines over and along the streets of the City of Richmond in the absence of any consent on the part of the municipality and without applying to it for any permission to transmit messages in such manner. In that case it was held that when such act became operative telephones were unknown, and, this being so, companies thereafter organized to transmit articulate speech by such means did not come within the purview of the law. That decision proceeds upon the theory prevailing in such cases that the provisions of the act of Congress granting the right to construct and maintain telegraph lines was to be construed strictly. In the case at bar, though the complaint stated that the plaintiff assented to the terms of the act referred to, no right to trespass upon the ¬defendants' premises could be legally asserted under that enactment, and, as no advantages could thus have been secured by the plaintiff, no detriment therefrom should result to it. The use of telegraph wires for telephone purposes is not such a different employment of electricity as would necessarily cast upon the defendants' premises an additional burden from that already imposed. The degree of danger reasonably to be apprehended from the use of wires to communicate audible language can be no greater than the use of such wires to represent by signals written expressions. By the use of wires for telephone purposes no supplemental impediment would be placed upon the defendants' real property, and such employ-

ment of the wires for that object may be legally made by the plaintiff, provided, however, that in doing so the cross-arms which support the wires do not extend more than three feet over their land.

Whether or not longer poles can be used than those now set upon the defendants' premises so that the proper number of wires can be suspended upon cross-arms of the length indicated is not necessary now to determine, for the question is not involved.

The decree will be modified so as not to prohibit the use of any of the wires for telephone purposes. This change, however, is not deemed of sufficient importance to authorize an award to plaintiff of the costs and disbursements which it incurred in this court.

MODIFIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.