### CAHEN v CAHEN, INC., et

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3115.  Decided Feb. 21, 1940.

Fred W. Postle, Columbus. for plaintiff-appellant.

Crabbe, Garek & Sillman, Columbus, for Deft-appellee.

## 418

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Municipal Court of the City of Columbus in favor of defendants.

The petition set forth two causes of action, the first in forcible detainer, the second for money for past due rent.

The pertinent facts, insofar as they may be briefly stated, are, that, at the date of the institution of the action, June 13, 1939, and for years prior thereto, plaintiff, Charles M. Cahen, and defendant, Clarence L. Cahen, brothers, were owners in common of real estate known as 186-192 East Main Street, Columbus, Ohio. On this realty were located three storerooms in front, warehouses in the rear and apartments above. At the time of the institution of the action Cahen, Inc., occupied a storeroom on said premises in which was operated a ladies', children's and men's ready-to-wear clothing store. This store had been occupied by Cahen, Inc., from October, 1938, at a rental price of $300.00 per month.

It was the basis of plaintiff's cause of action that Clarence had agreed to pay plaintiff $150.00 per month as and for rental for his one-half interest in the storeroom and credits thereon were given for the months from October 1938 to January 1939 inclusive and $50 payment on the month of February, 1939, and the balance due to June, 1939 was claimed to be in arrears.

The defendants asserted that no agreement had been made between Clarence and Charles for the payment to him of any rental; that no payment had been made to him by Cahen, Inc., as rental or for any purpose whatever; that the money which had been paid to Charles was from the rental of other parts of the premises than the store occupied by Cahen, Inc. and that the sum which was paid was upon an arrangement made between Charles and Clarence whereby Clarence assured Charles that he would pay $150.00 per month from income so long as he was not stopped by the trustee under a trust

agreement wherein the brothers had named the Market Exchange Bank of Columbus, Ohio. By this trust their trustee was to accept and disburse all of the rental income from the premises owned jointly by the brothers; that when the representative of Market Exchange Bank learned of the payments being made to plaintiff he objected and refused to permit them to continue.

Defendants further claimed that Cahen, Inc. held possession of the storeroom by virtue of an oral lease from month to month which arrangement was made through Clarence who was the President of Cahen, Inc. Cahen, Inc. is a close corporation, made up of Clarence, his wife and son as stockholders.

It appears that the store now operated by Cahen, Inc., was formerly occupied by Bornheim and Cahen, that this firm went into bankruptcy and in that proceeding under Sec. 77b the rental of the storeroom was fixed at $300.00 per month. Prior to that time it had been fixed at both a greater and a lesser sum at intervals.

The trust agreement was not offered in evidence and is not before us but we learn from the testimony of several of the witnesses that it was executed by both of the brothers, that the Buckeye Building & Loan Company and Market Exchange Bank were parties thereto; that by the indenture, the bank, which was named trustee, was to disburse the proceeds from rental of the premises owned by the brothers to their creditors. The creditors made substantial reductions in the amount of interest payments which nominally would be due them and agreed to accept these lesser sums. The total annual amount which was due the creditors was in excess of the total annual income. By the terms of this trust agreement it was to terminate in June, 1934 but by common consent the trust arrangement was continued and was operative and effective at the time of the trial in the Municipal Court. Plaintiff testified that the agreement was all right and indicated a purpose to abide by it.

A bookkeeper in the store of Cahen, Inc., kept books for the brothers and maintained a fund known as Bornheim and Cahen Building Fund, which was carried in an account in the Market Exchange Bank, the ownership of which account was in the brothers. From this account the payments were made pursuant to the trust agreement.

The trial judge found for the defendants and carried into the judgment entry the statement that the "action is one involving the title to real estate and in such cases forcible detention does not lie".

There are eight assignments of error, all of which may be generally considered upon the one proposition, namely, should the plaintiff have maintained his claim either as asserted in the first or second cause of action of his petition?

We have been favored with helpful briefs of counsel for the parties, have carefully read the record in its entirety and are satisfied that the judgment of the Municipal Court was correct for the reason, that the rental of Cahen, Inc., for the storeroom which it occupied was at all times paid up to and including the date when the action of plaintiff was instituted and the plaintiff with knowledge had accepted the benefits thereof.

It is only necessary to say that either brother had authority to rent the room under consideration. Clarence rented it to Cahen, Inc., on an oral lease of $300.00 per month. Cahen, Inc., an entity separate and apart from Clarence, never agreed to pay any rental directly to Charles. Its rental was paid regularly and went to the credit of the Bornheim and Cahen Building Fund pursuant to the express terms of the trust agreement to which Charles was signatory. The rent paid by Cahen, Inc., was disbursed pursuant to the trust agreement and one-half thereof was credited on the debt of Charles. That this arrangement as to the rent and disposition thereof was made in accordance with the trust agreement should have been known to Charles and he cannot be heard to say that he did not know of it because this information was available to him.

If there was any obligation whatever to Charles from Clarence it did not involve the rental which Cahen, Inc., was to pay for the use of its storeroom. Charles cannot be heard to say that he is entitled to possession of the premises because there was no arrearage in rent when the action was begun.

We briefly advert to the errors assigned. No. 1 is that the trial court erred in holding that the action is one involving title to real estate, and in such cases forcible detainer does not lie. Of course, the title to the real estate as such was not involved because the brothers were in agreement that they were owners of the real estate as tenants in common. However, it may be said that ejectment would lie in favor of a co-tenant when forcible detainer would not be the proper procedure. It has been specifically held in Ohio that one cotenant may maintain the action of ejectment against another co-tenant who wrongfully withholds possession from the former. Withop's Lessee v Grimes. Wright 331. To like effect are **Wright v Sayre, 2 O., 111; Penrod v Danner, 19 O., 221.** But a municipal court does not have jurisdiction in an action in ejectment.

The right of the plaintiff to maintain his action in forcible detainer against his brother Clarence is but a moot question, because it is beyond dispute that Clarence is not and has not been a tenant. If Clarence was a tenant, there is substantial authority holding that one co-parcener cannot maintain the action of forcible detainer against the other. 22 Am. Jur. 923. Knapp v Reed (Neb.) 32 L. R. A., N. S. 876. If Cahen, Inc., was in default for payment of its rent, we would be of opinion that Charles could maintain the action which he instituted in this case against said corporation. 22 Am. Jur. 923. This observation is not germane to the proof either of the plaintiff or the defendants.

There are assignments of error directed to the exclusion of testimony offered by the plaintiff and the admis-

sion of testimony on behalf of the defendants over the objection of plaintiff. We find no 'support for these claims. The judgment will be affirmed.

GEIGER & BARNES, JJ., concur.