JACOB T. HUNSAKER, Appellant, *v.* STEPHEN COFFIN, Respondent.

*Appeal from Multnomah County.*

A complaint was filed in the District Court on the 24th day of July, 1855. Summons was issued on the same day requiring defendant to appear and answer *forthwith*, or judgment would be taken against him. Personal service was had on the 24th and on the 25th of July, A. D. 1855. Judgment by default was entered against defendant for $2,079.30.—*Held*, that such judgment was void.

ON the 24th day of July, 1855, Hunsaker obtained a judgment in the District Court of Oregon territory, for Multnomah county, against Coffin, in the sum of $2,097.30. The

complaint was filed July 24th, 1855. Summons was issued on same day, and personally served. The summons required Coffin to appear in that District Court *forthwith*, and answer the complaint, or the plaintiff would take judgment. The court rendered judgment on the next day, July 25th, 1855,. which judgment reads thus :

" JACOB HUNSAKER, ⎫
          *v.*            ⎬
  STEPHEN COFFIN. ⎭

" The plaintiff, by Wait and Kelly, his attorneys, comes, and the defendant though duly called comes not, but makes default, and the court having assessed the damages of plain- tiff to two thousand and ninety-seven dollars and thirty cents, it is considered that the plaintiff recover of the defendant his damages aforesaid, and also his costs.

" (Signed.)           CYRUS OLNEY, <em>Judge.</em>"

On the 29th day of October, A. D. 1863, Hunsaker, by his attorneys, Williams and Huelat, filed in the Circuit Court. below, under section 292 of the Code, a motion for the allow- ance of an order, for the issuing of execution upon said judg- ment, and proper steps were taken to bring the matter to issue, and upon the 22d day of December, A. D. 1863, the court below refused the motion, from which refusal Hunsaker appealed, and has brought the transcript here.

*G. H. Williams, Esq.*, for appellant, cites 12 *Curtis U. S.*, 197 ; 37 *Maine*, 21 ; 15 *Ohio*, 435 ; 1 *Carter, Ind.*, 132 ; 6 *Abbott's N. Y. Dig.*, 342, *par.* 14.

*J. H. Mitchell, Esq.*, for respondent, cites provisions of the statutes of Oregon.

WILSON, J.    *Section* 292 *of the Code of Civil Procedure* enacts that " whenever, after entry of judgment, a period of five years shall elapse without an execution being issued upon

such judgment, thereafter an execution shall not issue except as in this section provided;" and, whatever steps are required therein seem to have been properly taken by the parties below; and the question in this court is narrowed down to an affirmance by appellant that the judgment rendered July 25th, 1855, was still valid and binding, and a denial by appellee of such validity, with an averment that such judgment was wholly void. Coffin avers that the District Court had no jurisdiction of the person of the defendant at that time, so as to warrant the entry of judgment, and in that manner attacks the judgment set up in this motion. The process by which, in 1855, the District Court could obtain jurisdiction of the person of a defendant, was a writ of summons, and the statutes then in force clearly set forth the requisitions necessary in such writ. *Title* 111, *section* 25, *page* 85, *Statutes of* 1854, provides, " that at any time after filing a complaint, the plaintiff may have a summons issued, which shall be directed to the defendant, and shall be signed by the clerk, and issued under the seal of the court, and shall be made returnable on the first day of the next term of the court." Section 26 further provides, that " the summons shall require the defendant to appear and answer the complaint, or that judgment by default will be taken against him, if he be served in the county in which the action is brought, ten days before the term of court, &c., and he shall appear and answer the complaint on the return day of the summons;" and it further provides, " if he do not have such ten days notice, then defendant shall have until the first day of the term next after the return day of the summons." The first question for determination is, was the summons by which Coffin was sought to be brought into court in 1855 a valid and legal one? And then, was the service such as would give the court jurisdiction in the case? The summons in question, so far as is necessary for present purposes, is as follows: " To Stephen Coffin. In the name of the United States of America, you are required to appear in the District Court

of the county of Multnomah, in the territory of Oregon, *forthwith,* and answer the complaint of Jacob Hunsaker, a copy of which is hereto annexed, or the plaintiff will take judgment, &c," and service was made upon Coffin on the day of its issuing.

Evidently, one of the main requisites of a statutory summons was omitted, and a very arbitrary and illegal provision inserted in lieu thereof. Instead of notifying defendant to *appear and answer* on the *return day of the summons,* which would have been the *first day* of the *next term,* it required him to appear and answer "*forthwith.*" No rule of construction has been better settled than that; when the steps by which a court obtains jurisdiction are prescribed in the statutes, they must be clearly followed, in order that the court may have full authority over the person. (1 *Hill,* 130; 2 *Kernan,* 575; 6 *Abbott's Pr. R.,* 162.) While the pretended summons omitted one of the most material requisites, it contained one that was wholly illegal. It follows, that a service of such a writ would have no binding force upon the defendant, or compel him to appear and answer any more than would the service of so much blank paper. It would require either the proper issuing and serving of a new summons, or such an *appearance* of Coffin as would waive defective process and service, to give the court authority to enter judgment against him. The defendant could as well have been mulcted in damages immediately upon the return of the sheriff into court with the writ, as at any subsequent time, and hence, the action of the court would depend upon the celerity with which the sheriff could execute service; and if, outstripping defendant in speed, the sheriff should first arrive at court, plaintiff might have judgment, when by the use of the utmost diligence defendant could not get to the place of holding court in time to prevent its rendition. From the transcript, it seems that the first day of that term of court was the day upon which the summons issued, and judgment was rendered upon the next day.

*Section 47, title 10, page 116, Statutes of 1854,* provides where judgments by default may be taken, " judgment may be had on proof of the *service of summons,* and complaint, if the defendant fail to answer within the time prescribed by law," evidently referring to section 25 above cited, as the first day of the next term of court, and to no other time. In this case instead of any proof of *service* appearing, the only obvious ground for the entry of judgment was that defendant did not *answer* when duly called at the court house door. These matters are apparent.

1st. The summons in question was not warranted by law.

2d. No service of any proper summons was made upon Coffin, and

3d. No appearance was made by him in that court.

It follows most clearly that the District Court, on the 25th day of July, A. D. 1855, had no jurisdiction over the person of Coffin as a defendant in that action. The character of such a judgment may be easily ascertained from the examination of authorities. In *Townsley* v. *McDonald,* 32 *Barbour,* 604, this doctrine is held: " Where, in an action commenced by publication, the affidavit upon which the order for publication is obtained is insufficient, the order is unauthorized and void, and fatally defective in itself, the court acquired no jurisdiction, the judgment is void, and a purchaser under it acquires no title." Also *Bigelow* v. *Stearns,* 7 *Cowen,* 269. Authorities in plenty may be found which show that a judgment, rendered without jurisdiction of the person of defendant, is void, a mere nullity, and apart from any authorities, a common sense construction of the statutes cited, clearly determines that the act of the District Court in 1855 was wholly void, and the judgment worthless.

Appellant insists that this judgment was voidable only, and, that while it remained unreversed, was in full force, and could not be attacked in a collateral proceeding like this. The authorities cited by counsel go this far, that, after a court has acquired jurisdiction, and the record fails to show-

the many subsequent requisites in the proceedings, the appellate court will presume that the court below proceeded properly. 1 *Hill,* 130; 19 *Johnson,* 38, and numerous other cases. Many authorities hold that such will be the presumption until the contrary appears. (*Cole* v. *Hall,* 2 *Hill,* 625.) And, as a general rule, such a judgment cannot be attacked in collateral proceedings. But that course of argument, and those authorities, are scarcely applicable here. This case is between the same parties as in the original proceeding, the subject matter is the same in both, and no tension of terms can make this a collateral proceeding. We hold it unnecessary that the judgment of July 25th, 1855, should have been reversed before such action could be had as was taken by the defendant below. No case can be found in which, when the court had not acquired full jurisdiction, and that fact appeared in the transcript, any such doctrine was enunciated. The ruling has ever been, that such a judgment could be attacked, even collaterlly, by the parties directly affected by it and relying thereon. (*Chemung Canal Bank* v. *Judson,* 8 *N. Y.,* 254; *Dobson* v. *Pearce,* 12 *N. Y.,* 156.) But this case does not require us to investigate that question. It is not a collateral proceeding. The parties, and the subject, are identical in both, and we hold that the defendant might well and safely ignore the fact, that any judgment had been rendered against him in favor of plaintiff, which would in any event incommode him, or determine any of his rights. The ruling of the Circuit Court and the judgment thereon were wholly proper, and that judgment is affirmed.