BISHOP A. BAILEY, RESPONDENT, *v.* JOHNSON WILLIAMS, APPELLANT.

SUMMONS—PROCESS—A summons used to bring a defendant into the circuit court is not process within the meaning of section 1166, and need not run in the name of the state.

DISCRETIONARY ORDER NOT REVIEWABLE.—The granting of an order to set aside a default is in the sound discretion of the court, and such order should not be disturbed on appeal, unless it clearly appears that there was an abuse of discretion in allowing it.

APPEAL from Clatsop County.

The process issued in this action, purporting to be a summons, did not "run in the name of the state of Oregon." After the service of this process, a judgment by default was entered against the defendant. Thereafter, at the same term of the court, the defendant moved the court to

set aside the judgment, and for leave to answer, and filed an affidavit of merits. The court denied the motion, and the defendant appeals from the judgment, and from the order of the court overruling the motion to set aside the same and allow defendant to answer.

*W. W. Upton,* for appellant.

*Milton Elliott,* for respondent.

By the Court, PRIM, C. J. :

It is insisted by counsel for appellant that the summons served on the defendant in this case is void, for the reason that it did not run in the name of the "State of Oregon." Section 1166 of the code is in these words: "All process authorized by this code to be issued by any court or officer therefor, shall run in the name of the state of Oregon, and be signed by the officer issuing the same; and if such process be issued by a clerk of a court, he shall affix thereto his seal of office." If a summons is a process authorized by the code to be issued by a court or an officer thereof, it is a process within the meaning of the above section, and would be void unless it runs in the name of the state of of Oregon. Ordinarily a summons is understood to be included under the head of a process, but our code has defined what the requisites of a summons shall be, and consequently it becomes necessary to consult its definition, in order to ascertain what constitutes a summons. Section 51 of the code reads as follows: "The summons shall contain the name of the court in which the complaint is filed, the names of the parties to the action, and the title thereof. It shall be subscribed by the plaintiff, or his attorney, and directed to the defendant, and shall require him to appear and answer the complaint, as in this section provided, or judgment for want thereof will be taken against him."

The summons contained in this record contains all the requisites of the preceding section, but it does not run in the name of the state of Oregon.

By an inspection of this section it will be seen that it is not required to be issued by a court, or an officer thereof.

It may be signed by the plaintiff or his attorney.    An attorney in one sense is an officer of the court, but not within the meaning of section 1166.    We think a summons, when used in the circuit court, is not a process within the meaning of section 1166 by the code, and therefore need not be in the name of the state of Oregon.

The judgment in this case was rendered by default for want of an answer, and in a few days after it was rendered it appears that the defendant filed a motion, accompanied by an affidavit to set aside the default and to be allowed to file an answer.    This motion was denied by the court, and this ruling of the court is assigned as error.    This was a matter which rested wholly in the sound discretion of the court below, and should not be disturbed, unless it can be shown that that discretion was clearly abused.    (*White* v. *The North-west Stage Company*, 5 Or. 99.)    And it was further held by this court in the case just referred to, "that a motion to open up a default and to set aside a judgment should be accompanied with a copy of a verified answer, which the party desires to be permitted to file, so that the court may judge whether there be a meritorious defense."

It appears from the record before us that appellant failed to comply with this rule of practice, and we are unable to discover any abuse of judicial discretion in the court below.

There being no substantial error in this record, the judgment of the court below is affirmed.