# WOODWARD *v.* BAKER.

JURISDICTION—SERVICE OF SUMMONS.—From the time of the service of a summons in a civil action, the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings.

IDEM.—In legal contemplation, the court acquires jurisdiction by the proper service of process, and the defendant is in court, and charged with notice of whatever action the court has taken during the pendency of the action.

IDEM—JUDGMENT—COLLATERAL ATTACK.—The fact that the defendant has not been given all the time allowed by law to plead, after proper service of the summons, will not so vitiate the judgment as to make it a nullity, and subject to collateral attack.

APPEAL from Multnomah County. The facts are stated in the opinion.

*Sidney Dell*, for appellant.

*Killen & Moreland*, for respondent.

By the Court, LORD, J.:

This was an action of ejectment. The complaint is in the usual form. The answer denies the allegations of the complaint, and alleges that the defendant is the owner and entitled to the possession of the land in controversy. It also alleges, as a further separate answer, that the city of Portland caused the said real estate to be sold for an assessment made by said city for a street improvement, and that said city became the purchaser thereof, and took a deed to the same, and thereafter conveyed the same to the defendant, &c.; all of which is put in issue by the reply. A jury was empaneled, and a verdict found for the defendant by direction of the court. The plaintiff claims title under a sheriff's sale made in an action of *Ira F. Powers* v. *C. M. Carter and Levi Estes* in the county court of Multnomah county. The judgment roll shows that the summons was served on C. M. Carter on the 23d day of March, 1876, and that judgment was rendered on the 3d day of April, 1876; and plaintiff claims that Carter is the owner of the land in dispute by virtue of a chain of conveyances, which we are not required by this record to consider, and to which further reference is unnecessary. The defendant, to maintain the issues on his part, put in evidence a chain of conveyances through which he claimed title; to all of which objections were made and exceptions taken, but the further consideration of which, as well as the exceptions taken to the evidence offered in rebuttal thereof, becomes immaterial to our present inquiry, as will now appear. After the case closed, the court instructed the jury that the judgment of the county court in the case of *Powers* v. *Carter & Estes* was void as to Carter, and directed the jury to find a verdict for the defendant, which was done accordingly. The

only question, therefore, we are called upon to determine by this record is, whether a judgment prematurely entered by default, can be impeached collaterally upon that ground, where there has been personal service of summons and complaint on the defendant? From the time of a service of a summons in a civil action, the court is deemed to have acquired jurisdiction, and to have control of all subsequent proceedings. (Code, sec. 61.) It is the fact of service that gives the court jurisdiction, and when that fact is made to appear by the record, and a judgment is rendered against the party, such judgment is valid until set aside, or reversed by direct proceeding in that action. In *Whitwell* v. *Barbier*, 7 Cal., 63, it is said: "The true test is, whether the omission complained of is of the substance of the act required to be performed. If of the substance, the judgment is a nullity; if of form, only an irregularity. In the case before us, the judgment is attacked collaterally, upon the ground that the defendant, although served with process, was not given the time allowed by statute to appear and answer. The defendant having been summoned to appear on a day certain, it can not be said that the court had no jurisdiction of the person, so as to make its judgment a nullity." In legal contemplation, the court acquires jurisdiction by the proper service of process, and the defendant is in court, and charged with notice of whatever action the court has taken during the pendency of the cause, (*University* v. *Lassiter*, 83 N. C., 41,) and if judgment has been taken prematurely against him, he can only avoid it by a direct proceeding in that action. The judgment cannot be impeached collaterally upon that ground. (*Alderson* v. *Bell*, 9 Cal., 321.) The fact that the defendant has not been given all the time allowed by law to answer, after proper service of the summons, will not so vitiate the judgment

as to render it a nullity, and subject to collateral attack. (*Town of Lyons* v. *Coolidge*, 89 Ill., 529; *Glover* v. *Sedburn Holman, et al.*, 3 Heisk., 519; *Kipp* v. *Fullerton*, 4 Minn., 473.) Nor is *Hunsaker* v. *Coffin*, 2 Or., 107, in conflict with this principle, for in that case the attack upon the judgment was direct, not collateral, and between the same parties. The whole question is well summed up by Mr. Freeman when he says: "From the moment of the service of process, the court has such control over the litigants that all its subsequent proceedings, however erroneous, are not void. The fact that the defendant is not given all the time allowed by law to plead * * * will not make the judgment void." What construction might be given to sec. 510 of the code is immaterial, for if the judgment in the action of *Powers* v. *Carter & Estes* was prematurely rendered, under the authorities cited, it was not void, nor subject to collateral attack upon that ground. The court having erred in declaring it so, and for that reason directed a verdict for the defendant, the judgment must be reversed and a new trial ordered.

Judgment reversed.