Decided 5 November, 1904.

**WADHAMS v. ALLEN.**

[78 Pac. 362.]

APPEAL — TIME FOR TAKING — DATE OF FINAL ORDER.
   An appeal from the final order in a case must be taken within the time limited after the date of that order and not from the date of some subsequent order, as, for example, the order settling the costs.

Appeal from Multnomah County.

Suit by William Wadhams and others, partners as Wadhams & Kerr Bros., against Allen & Lewis, a corporation. From a decree for defendant, plaintiffs appeal. Defendants now move to dismiss the appeal.     DISMISSED.

*Mr. Wirt Minor* for the motion.

No appearance *contra*.

PER CURIAM. In February, 1903, the plaintiffs commenced a suit to enjoin and restrain the defendant corporation from using a certain kind of label or wrapper, or from selling or offering for sale canned goods bearing such label, on the ground that it was an imitation or infringement of the one used by them. Issue was joined, a trial had, and a decree rendered and entered on June 25, 1903, dismissing the plaintiffs' suit, with judgment for costs and disbursements in favor of the defendant. A cost bill was filed on the same day, to which sundry objections were seasonably made, which objections came on for hearing and were overruled February 18, 1904, the court ordering and adjudging "that defendant have and recover of and from plaintiffs the sum of $515.35, costs and disbursements." On May 25, 1904, the plaintiffs gave notice that they appealed to this court from the judgment and decree of the circuit court "entered on the 18th day of February, 1904, in favor of the defendant against the plaintiffs, and from the whole of said judgment and decree."

The errors assigned in plaintiffs' abstract all go to the merits of the decree dismissing the suit, and not to the taxation of costs. As we understand it, the attempted appeal does not seek to challenge the correctness of the latter judgment, the purpose being to bring up for review the merits of the controversy between the parties. Under this view, the facts bring the case within the recent decision of *Lemmons* v. *Huber*, 45 Or. 282 (77 Pac. 836), and, for the reasons therein given, the motion to dismiss the appeal must be sustained, because the appeal was not taken within the time allowed by law.                DISMISSED.