Argued October 18, reversed and remanded December 5, 1956

# RAILTON *v.* REDMAR
304 P. 2d 408

*Earl A. Fewless,* of Portland, argued the cause for appellant. On the brief were Yunker, Fewless & Hannam, of Portland.

*Charles S. Crookham,* of Portland, argued the cause for respondent. On the brief were Vergeer & Samuels, and Duane Vergeer, of Portland.

Before WARNER, Chief Justice, and ROSSMAN, BRAND and PERRY, Justices.

BRAND, J.

This litigation grows out of an automobile collision caused by the alleged negligence of the defendant Gordon Herman Redmar. The plaintiff, Leon B. Railton, had verdict and judgment upon two causes of action separately stated in an amended complaint. Upon his first cause of action the plaintiff recovered $490 on account of expense incurred by him for medical serv-

ices and treatment of his six-year-old daughter who was injured in the collision. Upon his second cause of action the plaintiff had verdict and judgment for $85 on account of damage to his automobile caused by the same act of the defendant. Thereafter, upon motion of the defendant, the court granted judgment for the defendant notwithstanding the verdict on the first cause of action but granted judgment in favor of the plaintiff in the sum of $85 upon the second cause of action. Other provisions of the judgment n.o.v. will be considered in the course of this opinion. The plaintiff appeals from the judgment notwithstanding the verdict.

On 11 June 1952 the plaintiff filed a complaint wherein it was alleged that his daughter Jacqueline, aged six years, was injured by the negligent operation of an automobile by the defendant. It is alleged that the collision causing the injuries occurred on about 13 October 1951. The original complaint set forth the injuries suffered by the child and alleged that by reason thereof the plaintiff was compelled to employ medical services and treatment in an endeavor to cure the child and that such services and treatment would be required in the future "all to plaintiff's damage in the sum of $     ". The prayer was for judgment "against the defendant for the sum of $     , and for his costs and disbursements".

The summons which was served upon 12 June 1952 also contained the same obviously inadvertent omission to state the amount of damages claimed. It notified the defendant that for want of answer plaintiff will take judgment for the sum of $........ and for costs and disbursements.

On 12 November 1953 the plaintiff filed his amended complaint. In his first cause of action the plaintiff

repeated the substance of the original complaint but added thereto the words "all to plaintiff's damage in the sum of $1,000.00." The amended complaint added a second cause of action not found in the original complaint. In it the plaintiff sought $150 damages by reason of the alleged depreciation in the plaintiff's automobile caused by the defendant's negligence. Then followed certain allegations upon which plaintiff predicated his demand for $100 as a reasonable attorney's fee, which will be later considered. Another summons issued notifying the defendant that plaintiff sought judgment for the sum of $1,100, together with $100 attorney's fees and for costs and disbursements.

This summons was served upon 12 November 1953. On 23 November 1953 the defendant demurred to plaintiff's first cause of action stated in the amended complaint upon the ground "that it is shown on the complaint that this action was not commenced as to this cause within the time limit by statute." On 11 February 1954 the trial court entered an order reciting that the defendant had waived his demurrer and that said demurrer "is thereby overruled." On 22 March 1954 the defendant filed his answer denying the material allegations of the complaint and alleged as a separate defense to the first cause of action:

"That plaintiff's cause of action is one derivative of a claim for injuries to the person, and arises out of an accident which occurred on or about October 13, 1951; that plaintiff filed no complaint herein upon which a recovery could be had until more than two years after the accident described in plaintiff's complaint, and that said action for medical expenses and doctor bills is barred by the statute of limitations * * *".

As a second separate answer the defendant admitted that a collision occurred, denied his negligence, and

alleged that the sole proximate cause of the collision was the negligence of the plaintiff. The reply was a general denial.

The cause was tried and verdict and judgment were entered for the plaintiff as above set forth. The motion for judgment notwithstanding the verdict is based upon the contention that the plaintiff's cause of action was not commenced until more than two years after the happening of the alleged tort. On 16 July 1954 judgment for the defendant notwithstanding the verdict was entered upon the first cause of action.

For convenience we will summarize the events in chronological order:

| | |
|---|---|
| Collision | 13 October 1951 |
| Original complaint | 11 June 1952 |
| Amended complaint filed | 12 November 1953 |

The statute provides that actions at law shall only be commenced within the periods prescribed. ORS 12.010. The period of limitation within which the pending action must have been commenced was two years. ORS 12.110. If the plaintiff's action was not commenced until the filing of the amended complaint, then it would be subject to the defense of the Statute of Limitations, provided that defense was properly presented. Our question therefore is, when was the action "commenced"?

■ The only defect in the original complaint lies in the failure of the plaintiff to fill in the blanks which were left in the complaint, and to specify the amount of the damage suffered and the amount of the damages prayed for, and the only defect in the summons was the like failure to specify the amount for which the plaintiff sought judgment. The only change of substance which was made in the allegations in the original

complaint by the amended complaint was the filling in of the aforesaid blanks and the addition of a cause of action for damage to plaintiff's automobile. As a practical matter, any one familiar with the record would know that the filing of the original complaint prior to the filling in of the blanks was done by sheer inadvertence. This is not a case involving the statement in an amended complaint of a new and different cause of action. If any cause of action was stated in the original complaint, it is certain that the same cause was stated in the amended complaint. The defendant filed no demurrer to the original complaint and made no motion to quash the service of summons based upon that complaint. However, upon the authorities, there may be circumstances under which an action will be deemed to have been commenced by the filing of a complaint followed by the service of summons, although that complaint would have been held demurrable if subjected to the test of demurrer.

In *Ross v. Robinson,* 174 Or 25, 147 P2d 204, this court held upon appeal that the complaint was demurrable, but on a subsequent appeal we held that an amended complaint which supplied the necessary averments was not vulnerable to demurrer on the ground that the action was barred by the Statute of Limitations, although such amended complaint was not filed until more than two years after the accrual of the cause of action. In that case we said:

> "It is a general rule that 'an amendment of a pleading will take effect by relation and thus relieve against the bar of an intervening limitation if the identity of the cause of action is still substantially the same, but that the limitation will prevail if under the guise of an amendment there is the substitution of a new cause of action in place of another wholly different.' "

The earlier case of *Fox v. Ungar,* 164 Or 226, 98 P2d 717, was expressly overruled insofar as it was inconsistent with the decision in *Ross v. Robinson,* 174 Or 25 at 48.

The question was again considered in the case of *Drake Lumber Co. v. Paget Mortgage Co.,* 203 Or 66, 274 P2d 804. The court, in an opinion by Mr. Justice LUSK, approved and followed the decision in *Ross v. Robinson,* supra. In the Drake Lumber Company case, as in the case at bar, it was contended that the original complaint did not state any cause of suit whatever. In an action to foreclose a materialman's lien the original complaint had been stricken by reason of its failure to recite that notice of delivery had been given to the land owner. The court held that an amended complaint could properly be filed supplying the defect in the original complaint and that such amended complaint related back to the time of the original complaint so as to avoid the bar of the Statute of Limitations. The court quoted with approval from the opinion of Mr. Justice Holmes in *New York C.&H.R.R. Co. v. Kinney,* 260 US 340, 67 L ed 294, as follows:

"* * * 'when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the Statute of Limitations do not exist, and we are of opinion that a liberal rule should be applied.' * * *'"

In the case at bar the original complaint notified the defendant of the exact issues to be litigated, and informed him that the plaintiff had been required to incur expense and thus had been damaged to some extent, and sought costs and disbursements. We are not even prepared to say that the complaint was clearly demurrable, though it was certainly defective. In any

event, it is obvious that if a demurrer or motion had been timely filed against the original complaint, the negligent omission would have been immediately supplied, which no doubt explains why no motion or demurrer was ever filed during the seventeen months intervening between the filing of the original complaint and the filing of the amended complaint.

■ We hold that this case is controlled by the decisions in *Drake Lumber Co. v. Paget Mortgage Co.* and *Ross v. Robinson,* both supra, and *Board of Medical Examiners v. Buck,* 192 Or 66, 232 P2d 791. See also, 34 Am Jur 211 to 218, Actions, §§ 260 to 265 inclusive. The amended complaint took effect by relation as of the date of the commencement of the action, that is, as of the date of the service of summons after the filing of the original complaint.

The court erred in entering judgment notwithstanding the verdict for the defendant on the first cause of action as set forth in the amended complaint. The judgment on the verdict in favor of the plaintiff upon the first cause of action for the sum of $490 is reinstated.

The remaining assignments of error relate to the item of $150 statutory attorney's fee which was included in the plaintiff's cost bill. In his amended complaint the plaintiff alleged:

"That more than ten days prior to filing this action, plaintiff made written demand on the defendant for the damages sustained by plaintiff; but defendant has refused and failed to reimburse plaintiff for said damages; plaintiff, therefore, alleges $100.00 as a reasonable attorneys fee to be allowed plaintiff herein."

The claim for an attorney's fee was based upon the pro-

visions of ORS 20.080 which has since been amended, but which then read as follows:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount recovered is $500 or less, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff."

The assignments of error upon this issue are as follows: That the court erred in sustaining respondent's objections to appellant's cost bill, and that the court erred in reserving for future determination the question of allowance of an attorney's fee on appellant's second cause of action. The proper construction of ORS 20.080 prior to its amendment was determined in *Colby v. Larson,* 208 Or 121, 297 P2d 1073, 299 P2d 1076, decided 6 June 1956.

In the pending case the facts are as follows: On 23 June 1954 the jury by its verdict awarded $490 to plaintiff on his first cause of action, and $85 on his second cause. On 25 June a cost bill was filed, including, among other items, "Statutory attorney's fees on first cause of action 150.00". On the same day judgment was entered upon the verdict for the amounts awarded thereby, and for the total amount claimed in the cost bill. The judgment specified "which costs and disbursements include $150.00 attorney's fees allowed as costs by the Court." On the same day the defend-

ant filed a motion for judgment n.o.v. On 7 July the defendant filed objections to the item of attorney's fees in the cost bill. The defendant's contention was that unless the defendant's motion for judgment notwithstanding the verdict on plaintiff's first cause of action should be allowed, the total judgment would exceed the sum of $500, and under the statute, an attorney's fee would not be allowable. On 16 July 1954 judgment n.o.v. was entered upon plaintiff's first cause of action. The trial judgment on the first cause was thereby vacated in its entirety and judgment was entered in favor of the defendant and against the plaintiff on the first cause of action. Judgment was, however, reinstated in favor of the plaintiff and against the defendant for the sum of $85 on the second cause of action. The court then awarded judgment in favor of the defendant for costs in accordance with the cost bill filed by the defendant on 16 July in the sum of $29.50. The judgment concluded as follows:

"IT IS FURTHER ORDERED AND ADJUDGED that the question of attorney's fees for and on behalf of the plaintiff is reserved by the Court for determination at a future time."

On 22 July 1954 a motion and supporting affidavit was filed by the plaintiff, in substance, requesting a rehearing on the merits of the motion for judgment n.o.v. Plaintiff also at that time moved the court "for an order ruling upon the defendant's objections to plaintiff's cost bill, * * *." On 30 July the trial court made and entered an order denying the motion for a "new ruling" on the judgment n.o.v. The order then continued as follows:

"* * * that an Order allowing defendant's Cost Bill has heretofore been duly made, and that said Motions now before the Court are not well taken, now, therefore,

"IT IS HEREBY ORDERED that said Objections to defendant's Cost Bill and said Motion against the Judgment Not Withstanding Verdict heretofore entered herein be and hereby is disallowed."

Although the question has not been discussed in the briefs, it is the duty of this court to consider whether the judgment possessed such quality of finality as to be appealable in view of the fact that the plaintiff's right to an attorney's fee was reserved for future determination. *McEwen v. McEwen*, 203 Or 460, 280 P2d 402. If the judgment n.o.v. was not appealable we would be without power to reach a just result which, as we have indicated, requires that we reverse the decision of the trial court and reinstate the judgment for the plaintiff in the sum of $490 on the first cause of action. There appears to be a conflict of authority as to whether a judgment is final for the purposes of appeal when the costs have not been taxed and inserted. 4 CJS 204, Appeal and Error, § 108.

From American Jurisprudence we read:

"* * * Nor does the fact that the costs have not been taxed prevent the judgment from being final and appealable, as the costs are merely an incident and appendage of the judgment and a distinct and separable part thereof, although it has been held that where a decree reserves for future determination the question of costs, notwithstanding it is in other respects final in its nature, it is an interlocutory, and not a final, decree." 2 Am Jur 865, Appeal and Error, § 25.

The general rule concerning the conditions under which a judgment will be deemed appealable has been repeatedly stated by this court and need not be set forth here. See *Froman v. Jones*, 141 Or 42, 16 P2d

21; *In re Norman's Estate,* 159 Or 197, 78 P2d 346; *Durkheimer Inv. Co. v. Zell,* 161 Or 434, 90 P2d 213. None of those cases, however, involved the specific question now under consideration.

The only Oregon decision which approaches the narrow question presented in this case is *Lyon v. Mazeris,* 170 Or 222, 132 P2d 982. In that case this court on its own motion raised the question as to whether the decree from which the appeal was taken was appealable. The court first considered the main objective of the suit, namely, the determination of ownership of real and personal property. That question was fully determined and the decree effected the transfer of title, and as an incident to that determination it provided for an accounting. The determination of costs was reserved until final decree on the accounting. The court said:

"* * * The fact that the court in the instant case reserved the question of costs until after the accounting did not affect the finality of its determination as to the ownership of the property.

"1. It has many times been held by this court that costs are a mere incident to the judgment and that a controversy over disbursements 'would not delay the entry of the judgment nor would the final decision of that question amount to a modification of the judgment or extend the time in which to appeal'; Lemmons v. Huber, 45 Or. 282, 77 P. 836. See also: Wadhams v. Allen, 45 Or. 485, 78 P. 362; School District No. 30 v. Alameda Construction Co., 87 Or. 132, 144, 169 P. 507, 788; In re Will of Pittock, 102 Or. 159, 210, 199 P. 633, 202 P. 216, 17 A.L.R. 218; State v. Way, 120 Or. 134, 140, 249 P.1045, 251 P.761.

"2. We can perceive no reason for holding that the decree here involved is not final and appealable, merely because the question of costs is reserved

until an accounting is had. The court probably could not determine who was entitled to costs or the amount thereof, prior to an accounting."

■ Nevertheless, the statute which provides that attorney's fees under ORS 20.080 shall be taxed and allowed to the plaintiff "as a part of the costs of the action" must be given meaning. We think that this statutory provision relates to procedure. While the attorney's fee is not strictly an element of costs, it is to be acted upon as if it were a part of the costs.

A distinction may be suggested between the right to attorney's fees under ORS 20.080 and the right to ordinary costs, in that ordinary costs and disbursements "shall be entered as of course by the clerk as a part of the judgment", whereas attorney's fees under ORS 20.080 must be fixed by the court. Such distinction, however, is one of form rather than substance. Though the clerk acts administratively in entering costs "as part of the judgment", the power to decide issues arising on objections to cost bills rests with the court. ORS 20.220. The statute provides that "costs and disbursements shall be taxed and allowed by the court or the judge thereof. * * *" Under ORS 20.080, both attorney's fees and ordinary costs are, in the last analysis, determined judicially by the court.

■ We hold that the rule set forth in *Lyon v. Mazeris*, supra, applies to an order reserving for future determination the matter of attorney's fees just as it applies to an order reserving for future determination the matter of ordinary costs.

■ Both attorney's fees and costs involve substantial rights of the parties; both depend, or may depend, upon further judicial action, and each is a "mere incident to the judgment." We therefore conclude that

the judgment n.o.v. in the pending case was a final and appealable order, despite the fact that the court reserved the question as to plaintiff's right to an attorney's fee for future determination.

Our conclusion is supported by, and is consistent with, the decision in *Colby v. Larson,* supra, 208 Or 121, 297 P2d 1073, 299 P2d 1076. In that case the plaintiff sued to recover $372.59 damages to his automobile. He alleged compliance with ORS 20.080 as it was prior to its amendment by Laws of 1955, chapter 554, page 653, and asked for a reasonable attorney's fee. The defendant tendered into court with his answer, the full amount of the alleged damage to the automobile, as an attempted offer of compromise under ORS 17.055. The court ordered the clerk to pay to plaintiff the amount tendered, disallowed the plaintiff's claim for an attorney's fee, and declared the case moot. Thereafter the plaintiff filed a cost bill seeking ordinary costs plus the attorney's fee, and defendant filed objections. After hearing in accordance with the procedure prescribed in ORS 20.210 and 20.220, and *Perkins v. Perkins,* 72 Or 302, 143 P 995, the court denied each and every item of the cost bill. From this order the plaintiff appealed. This court held that the case was not moot (see opinion on rehearing). It further held that ORS 20.080 and not ORS 17.055 controlled, and that on proof of compliance with ORS 20.080 plaintiff would be entitled to a "reasonable attorney's fee and other costs."

The opinions in *Colby v. Larson* clearly indicate that in the matter of procedure an attorney's fee, if authorized under ORS 20.080, is treated as other costs are treated, and the right thereto may be litigated and an appeal taken under the provisions of ORS 20.210

and 20.220 which relate to taxation and collection of costs. It follows that the ruling of *Lyon v. Mazeris* to the effect that a judgment may be final and appealable although the court reserves the question of costs for future determination, also applies equally to a reservation for future determination of the right to attorney's fees claimed under ORS 20.080.

It seems clear that the trial court considered the judgment n.o.v. to be final and appealable. By its order of 30 July it, in effect, eliminated from the judgment the paragraph which reserved the question of attorney's fees for future determination, though it did not formally amend the judgment. The notice of appeal was filed on 12 August after the reserved issue had been decided, and on the same day the court made orders extending the time for presenting a bill of exceptions and for filing transcript on appeal in this court—orders which would hardly have been made if the trial court had considered that no appealable order had been entered.

Having held that the judgment n.o.v. was appealable, we now consider whether the trial court erred in failing to award costs.

■ Since we have held that the plaintiff is entitled to judgment for $490 on his first cause of action, and since he had judgment for $85 on his second cause of action, it follows that the sum total of recovery for the plaintiff on the first two causes of action exceeds the sum of $500. ORS 20.080 provides for the award of attorney's fee "for an injury or a wrong to the person or property or both of another where the amount recovered is $500 or less." The amount recovered on both causes of action being in excess of $500, the plaintiff was not entitled to any attorney's fee.

The judgment n.o.v. in favor of the defendant on his first cause of action is reversed and the original judgment for $490 is reinstated. That part of the judgment which awarded plaintiff damages in the sum of $85 on the second cause of action is affirmed. The judgment for defendant for costs in the sum of $29.50 is reversed and the original judgment on the verdict which awarded plaintiff costs and disbursements in the sum of $204.40 is reinstated to the amount of $54.40, the attorney's fee of $150 being eliminated from the total.

The time of this court has been needlessly consumed in the decision of a question which arose solely because of the careless initial filing of a defective complaint, and also because of the delay by the defendant in calling the defect to the attention of court and counsel, in the apparent hope that the Statute of Limitations would ultimately bar the action.

This case was commenced in June 1952. It was not brought to trial for two years and was not put at issue in this court until 21 February 1955. We are greatly concerned over the delay in the administration of justice resulting from the congestion of cases in this court. The Bar, which has expressed a like concern, will perhaps recognize its own obligation to avoid such delay as appears in this case which involved a small amount of money, a short record, and briefs of only 20 and 12 pages respectively.