Argued November 14, reversed with instructions
December 31, 1968

ALLEN, *Respondent, v.* LOCOCO,
*Appellant.*

448 P. 2d 569

*John Gordon Gearin,* Portland, argued the cause
for appellant. With him on the briefs was Gerald H.
Robinson, Portland.

*George L. Hibbard,* Oregon City, argued the cause
for respondent. On the brief were Paul D. Schultz and
Hibbard, Jacobs, Caldwell & Canning, Oregon City.

Before Perry, Chief Justice, and McAllister, O'Connell, Denecke and Mengler, Justices.

MENGLER, J. (Pro Tempore).

This is an action at law to recover damages for personal injury in an automobile collision which occurred on November 29, 1964. Plaintiff filed her complaint on October 25, 1965. An order permitting service on the Department of Motor Vehicles was entered on the same day. On October 9, 1966, a default judgment was entered against defendant. Defendant appeared specially on December 19, 1966, and moved to quash the purported service. An order allowing the motion was entered on January 11, 1967. On March 7, 1967, upon plaintiff's motion, an order was entered for substituted service on the Department of Motor Vehicles. On March 24, 1967, defendant demurred to the complaint upon the ground that the action had not been commenced within two years as provided in ORS 12.010 and 12.110. On April 26, 1967, an order was entered overruling the demurrer. On May 11, 1967, defendant filed his answer and pleaded the Statute of Limitations as an affirmative defense. On September 13, 1967, the jury returned a verdict for plaintiff. On September 15, 1967, the defendant filed a motion for judgment notwithstanding the verdict. On October 16, 1967, the court denied the motion and entered judgment upon the verdict. Defendant appeals from the judgment and assigns as error:

1. Overruling the demurrer to the complaint.
2. Denying the motion for a directed verdict, and dismissing defendant's affirmative defense.

The defendant's allegations of error are based on ORS 12.010 and 12.110 which provide that a cause of action

for any injury to the person shall be commenced within two years.

The question before this court is whether the action brought by plaintiff was commenced within the two year limit for the commencement of actions for personal injury.

The injury occurred on November 29, 1964. The order quashing the service of summons was entered on January 11, 1967, more than two years later. The order quashing left the case as if no process had been issued. *Mills v. Feiock*, 229 Or 618, 368 P2d 327 (1962).

The plaintiff's position is that none of the traditional reasons for the existence of the Statute of Limitations are present in this case, and that therefore this court should give the Statute a liberal interpretation in favor of the plaintiff. The Statute of Limitations in Oregon is a legislative enactment and is intended to expedite litigation and to prevent assertion of dormant claims after defense evidence has become unavailable through the passage of time. The position of the plaintiff is that he has not slept on his rights and that defendant has in no way been hampered in his defense by the passage of time.

The plaintiff cites cases in this and other jurisdictions in support of his position that a liberal rule should be applied to the Statute of Limitations if the reasons for the Statute do not exist. In some of these cases a complaint was filed and summons was served within the allowable statutory period. After the statutory period had run, the complaint was amended. The question before the courts was whether the action was commenced on the date of the filing of the original complaint or of the amended complaint. This court and the other cited cases held that an amended complaint, which introduces no substantially different is-

sue, takes effect by relation as of the date of the commencement of the action, that is, as of the date of the service of summons after the filing of the original complaint. *Railton v. Redmar,* 209 Or 80, 304 P2d 408 (1956).

The plaintiff cites *New York Cent. R.R. v. Kinney,* 260 US 340, 43 S Ct 122, 67 L Ed 294 (1922), and quotes Mr. Justice Holmes as follows:

"* * * when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

The statement of Mr. Justice Holmes was relied upon by this court in *Mills v. Feiock,* supra; *Schulmerich v. First National Bank,* 220 Or 528, 532, 349 P2d 849 (1960); and *Railton v. Redmar,* supra.

In *New York Cent. R.R. v. Kinney,* supra, the plaintiff was given leave to file an amended complaint. The amended complaint was filed after several trials. and a lapse of about seven and one-half years. The court had jurisdiction over the defendant on the original complaint by virtue of the fact that notice had been given defendant as required by statute. The liberal rule referred to by Mr. Justice Holmes was that for the purposes of the Statute of Limitations, the amended complaint related back to the filing of the original complaint.

In this case before us there is no question of an amended complaint being filed after the Statute of Limitations has run and therefore the liberal rule of relation back urged by Mr. Justice Holmes and adopted by this court is inapplicable.

The other cases cited by plaintiff involve an application of saving statutes generally similar to ORS 12.220, which provides that if an action which has been commenced within the period allowed by statute and is dismissed other than on the merits, after the time limited for bringing a new action, the plaintiff may commence a new action within one year. Plaintiff does not contend that ORS 12.220 is applicable, but he does argue that it expresses a legislative policy in favor of disposing of cases on their merits. The legislature expressed its policy by the enactment of ORS 12.220 and we are limited to its language. This court does not have the power to enlarge the saving provisions of ORS 12.220 nor to extend the time allowed by ORS 12.010 and 12.110 so as to allow plaintiff to have his action decided on its merits.

The trial court found, and we agree, that there was no service as required by the statute within the time allowed by ORS 12.010 and 12.110. The record shows that the defendant appeared generally only after the statutory period had run. There was no action commenced within the meaning of ORS 12.020 at all for the reason that no legal service of summons had been made. The action is barred by ORS 12.010 and 12.110.

Reversed with instructions to enter a judgment for the defendant.