Argued October 8, 1968, writ dismissed April 16, petition for
rehearing denied May 27, 1969

STATE ex rel KALICH et al, *Relators, v.*
BRYSON, *Defendant.*

453 P2d 659

*Edwin J. Peterson* and *Paul R. Duden,* Portland, argued the cause for plaintiffs. With them on the brief were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

*Leo R. Probst,* Portland, argued the cause for defendant. With him on the brief were Carney and Haley, Portland.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is an original proceeding in mandamus to require defendant Dean Bryson, circuit judge for Multnomah County, to vacate his order denying relators' motion to quash a summons and the service and return thereof, and allowing the plaintiff's motion to amend the summons.

Relators are domiciliaries of the state of Washington. A complaint was filed against them in the circuit court for Multnomah County alleging a commission of a tortious act on May 13, 1965. The complaint was filed on May 11, 1967, and according to the return of service filed on May 22, 1967 the summons was issued and personally served on relators in Washington on the same day.

The summons was in the following form:

"IN THE NAME OF THE STATE OF ORE-GON: You are hereby required to appear and answer the complaint filed against you in the above-entitled action within ten days from the date of service of this summons upon you, if served within this county; or if served within any other county of this state, then within twenty days from the date of the service of this summons upon you; and if you fail so to answer for want thereof, the plaintiff will take judgment against defendants and each of them in the amount of $35,000 general damages, $210 special damages for medical care and treatment and further sum of $1500 special damages for the loss of profits in the operation of his business and for his costs and disbursements incurred herein."

Relators appeared specially on May 25, 1967 and moved to quash the summons, arguing that it was void since it failed to designate a time for appearance applicable to those served outside the state of Oregon.[1] On June 21, 1967, plaintiff filed a motion to amend the summons to correct the defect. Plaintiffs' motion was allowed and relators' motion was denied.

■ It is elementary that a legally sufficient summons is essential to the acquisition of jurisdiction over the person. The question presented on this appeal is whether failure to designate the time within which the defendant must appear is so substantial a defect that it renders the summons inadequate to give the court jurisdiction.

---

[1] ORS 15.110 makes provision for personal service upon a defendant who is not within the state. Subsection (3) provides as follows:

"The summons shall, where the defendant is within the United States, require the defendant to appear and answer within four weeks from the date of the service upon him, * * *; and if he does not appear within such time judgment may be taken against him for want thereof."

Although the summons in Oregon is not process[2] as it is in some states, that fact is not material for purposes of the present inquiry. The question of the sufficiency of process necessary for the acquisition of jurisdiction has given rise to a considerable volume of litigation. The cases are in conflict.[3] Some courts take a ritualistic view of process requiring a literal compliance with the terms of the statute; other courts interpret the statutory requirements less strictly.[4]

■ The purpose of the summons stated in general terms is to give the defendant notice of an action against him. More specifically it is designed to inform him of the name of the court in which the complaint is filed, the names of the parties to the action, the title thereof, the relief sought, and the defendant's obligation to answer the complaint within a specified time or be subject to a default judgment.[5] In the present case relators had notice of everything required by the statutes except the time within which they were required to appear or answer.

Concededly it is important that defendant be informed of the time within which he must respond to the plaintiff's complaint. If, as in the present case, no time is specified he should be entitled to assume that notice of specified time for answer or appearance is

[2] Bailey v. Williams, 6 Or 71 (1876).

[3] See Annot., 6 ALR 841 (1920), supplemented by Annot., 97 ALR 746 (1935). In many jurisdictions the summons is a process which issues directly from the court. In these jurisdictions the defect in the summons may not be attributable to any fault of plaintiff and therefore the court may be more inclined to overlook minor defects. However, if we focus on the critical issue—notice to defendant—it may be seen that it makes no difference who is at fault for the defects in the summons.

[4] Louisell & Hazard, Cases and Materials on Pleading and Procedure, 457 (1962).

[5] ORS 15.040 to 15.050.

forthcoming, and, until he receives it, the machinery of the court should not be permitted to move to his detriment. If he receives no notice relating to the time for answer or appearance, it would seem clear that a default judgment entered against him would be void and therefore subject to both direct and collateral attack. We ordinarily explain this by stating that because the defendant failed to receive proper notice the court did not have jurisdiction. It is more accurate to say that because of the lack of the notice to the defendant the court did not have jurisdiction *to enter a default judgment.*

But, it does not follow that a failure to give such notice to the defendant deprives the court of jurisdiction for all other purposes. If the court's action does not deprive the defendant of an interest which deserves legal protection, there is no reason for concluding that the court does not have jurisdiction.[6] We do not think that the failure to give relators notice of the time within which to appear or answer invaded any interest of theirs worthy of protection to such an extent that the court did not have jurisdiction to entertain a motion to amend the summons.[7]

For the purpose of preparing their defense, relators had as much information concerning the action brought against them as if the summons were perfect in form. The defect in the notice involved in the present case could harm the relators only if plaintiff's delay in amending the summons deprived them of the

---

[6] *See* Robinson v. Greyhound Corp., 245 F2d 65 (6th Cir. 1957), noted in 27 U Cinn L Rev 103 (1958); cf., Fed R Civ P 4(h).

[7] It is apparent from the foregoing reasoning that we regard the statement that a court does or does not have jurisdiction as a statement of a *conclusion* which is reached only after valid reasons are found to support it.

opportunity to take whatever action was necessary for the defense of their case.

■ The question of the sufficiency of the summons to give the court jurisdiction for the purposes here discussed involves essentially the same considerations as those presented where a plaintiff seeks to amend his complaint after the period of the statute of limitations has run. The amendment is allowed if it does not introduce a substantially new issue.[8] If no new issue is involved the notice received by the defendant in the original complaint is deemed sufficient to alert him to the need for gathering his evidence and preparing his case. We are of the opinion that whatever inconvenience may be caused to the relators through the failure of the summons to give notice of the time within which to appear or answer it is not sufficient to warrant the conclusion that jurisdiction over them was not acquired and we hold, therefore, that the trial court obtained jurisdiction through the service of the defective summons.

Accordingly, the alternative writ of mandamus is dismissed.[9]

GOODWIN, J., dissenting.

Two days before the statute of limitations had run upon his cause of action, a plaintiff filed his complaint and placed in the hands of the sheriff for service a summons which complied with ORS 15.040(2). If serv-

---

[8] Railton v. Redmar, 209 Or 80, 304 P2d 408 (1956); In re Buck's License, 192 Or 66, 232 P2d 791 (1951); Ross v. Robinson, 174 Or 25, 147 P2d 204 (1944); Eastside Mill & Lumber Co. v. Southeast Portland Lumber Co., 155 Or 367, 64 P2d 625 (1937); Richardson v. Investment Co., 124 Or 569, 264 P 458 (1928).

[9] The holding in the present case is not applicable to the facts of Allen v. Lococo, 87 Or Adv Sh 745, 448 P2d 569 (1968). In *Allen* it was not shown that defendant was apprised that a claim was being made against him until after the statute of limitations had run.

ice of that summons had been accomplished within the state of Oregon any time within the following 60 days, the action would have been commenced within the meaning of ORS 12.030 (attempt to commence an action). But this is not what happened.

Service of summons was never made in Oregon, and ORS 15.040(2) therefore became irrelevant. The summons was served in the state of Washington. When service is to be made outside the state of Oregon, ORS 15.110 controls the contents of the summons as well as the manner of service. The summons shall "require the defendant to appear and answer within four weeks from the date of the service upon him * * *." ORS 15.110(3). The summons that was served in Washington did not tell the defendant when to appear and answer. Under our decisions, a summons that fails to contain the information required by statute is void. *White v. Johnson,* 27 Or 282, 294, 40 P 511 (1895) ; *Hunsaker v. Coffin,* 2 Or 107 (1864).

In *Hunsaker v. Coffin,* a default judgment was set aside because of a defect in the summons, which at that time was process. The summons required the defendant to appear and answer *forthwith.* The court said :

"Evidently, one of the main requisites of a statutory summons was omitted, and a very arbitrary and illegal provision inserted in lieu thereof. Instead of notifying defendant to *appear and answer* on the *return day of the summons,* which would have been the *first day* of the *next term,* it required him to appear and answer *'forthwith.'* No rule of construction has been better settled than that; when the steps by which a court obtains jurisdiction are prescribed in the statutes, they must be clearly followed, in order that the court may have full authority over the person * * *. While

the pretended summons omitted one of the most material requisites, it contained one that was wholly illegal. It follows, that a service of such a writ would have no binding force upon the defendant, or compel him to appear and answer any more than would the service of so much blank paper  *  *  *." 2 Or at 110.

A similar result was reached in *White v. Johnson*, where the summons failed to contain the name of the defendant. The court said:

"*  *  *  The statute has prescribed but one form of notice through which the court may acquire jurisdiction of the person, and that is by summons, which, although not process, has the force and effect thereof, and if not obeyed will put the party in default. Section 52, Hill's Code, provides that 'The summons shall contain the name of the court in which the complaint is filed, the names of the parties to the action, and the title thereof. It shall be subscribed by the plaintiff or his attorney, and directed to the defendant, and shall require him to appear and answer the complaint, as in this section provided, or judgment for want thereof will be taken against him.' These requirements are mandatory, and not directory merely  *  *  *." 27 Or at 294.

The majority opinion says in effect that our statutes on the contents of a summons and on the manner of commencing an action for the purpose of the statute of limitations should be judicially amended so as to read: A plaintiff who is rushed for time need not, however, comply with the foregoing statutes so long as he serves something upon the defendant within the statutory period.

The majority reasons this way:

"*  *  *  We do not think the failure to give relators notice of the time within which to appear

or answer invaded any interest of theirs worthy of protection to such an extent that the court did not have jurisdiction to entertain a motion to amend the summons."

Apparently the right to be free from the hazards of litigation after the statute of limitations has run is not a right worthy of protection in this state.

In assuming that the court had "jurisdiction to entertain a motion to amend the summons," the majority has drawn upon cases from other states where summons, as process, may indeed be amended at the hands of the court which issued it. But in Oregon a summons is not process. *Lane v. Ball,* 83 Or 404, 419, 160 P 144, 163 P 975 (1916); *Whitney v. Blackburn,* 17 Or 564, 21 P 874 (1889); *Bailey v. Williams,* 6 Or 71, 73 (1876). An Oregon court has no statutory jurisdiction to do anything with a summons except to pass upon its legal sufficiency if it is challenged.

The whole matter of the *issuance* of a summons is placed squarely in the hands of the plaintiff or his attorney by ORS 15.020, which provides: "* * * Any time after the action is commenced the plaintiff or his attorney may issue as many original summonses as either may elect * * *." For that reason, as well as others needless to mention, the attempt of the majority to liken this case to those involving the statutory power of our courts to allow amendments of a complaint is wide of the mark. What we are dealing with here is jurisdiction of the person, which can only be obtained by the means and in the manner prescribed by the statute, unless the defendant voluntarily appears.

It is conceded by the majority that the court would not have had the power to enter a valid default judg-

ment against a defendant served with a summons that did not comply with ORS 15.110(3).

The whole tenor of the majority opinion is to proclaim what the law should be, not what it is. This is illustrated by the citation to Rule 4(h) of the Federal Rules of Civil Procedure. Under the federal system, a summons is process. Fed R Civ P 4(a) and (b). And Rule 4(h), in substance, gives the trial courts broad powers to allow a summons to be amended unless substantial prejudice would result to the person upon whom the process is served. We have no such provision in this state, and this court has no power to adopt the Federal Rules of Civil Procedure, even though it might deem them superior to the statutes of Oregon.

A defendant who has been served with a defective summons should be entitled to ignore the defective summons and wait until he is served with one that is drawn according to Oregon law. If, in the meantime, the statute of limitation runs against his adversary, that is not the defendant's fault.

If there is any place in the law where certainty is a virtue, it seems to me that it is in the area of the statutes dealing with the commencement of actions during the period of limitations. To commence an action, a plaintiff must file his complaint and serve or deliver to the sheriff for service a summons. ORS 12.030. One would assume that the legislature meant a summons that is legally sufficient. If a plaintiff can commence an action by serving a summons that fails to include a substantive statutory requirement, and then, after the statute of limitations has run, go into court at his leisure and obtain leave to serve an amended summons, the whole purpose of the statute of limitations is frustrated, and lawyers will not know what to tell a client

when he is served with a document that on its face is not sufficient in law to constitute a valid summons.

.    I have not made an exhaustive examination of the authorities from other states cited by the majority, because we have a statutory scheme in Oregon which has been rounded out with decisions by our own court. If, however, out-of-state cases are considered, two that were called to the attention of this court and were ignored by the majority dealt with defects in summons that were similar to the defect in the instant case. Both cases held that the failure of the summons to inform the defendant of the time in which he must appear was a fatal defect rendering the summons void. *Thomas v. District Court,* 110 Utah 245, 171 P2d 667 (1946) ; *Perry v. Perry,* 94 Vt 487, 111 A 632 (1920).

The majority says that "[i]f the court's action does not deprive the defendant of an interest which deserves legal protection, there is no reason for saying the court does not have jurisdiction," citing a federal case decided upon Ohio law. *Robinson v. Greyhound Corporation,* 245 F2d 65 (6th Cir 1957). There, the summons had not advised the defendant of the amount demanded, a statutory requirement. The court held that the defect was cured by the complaint which was attached to the summons and which contained the missing information. For such a holding, the majority could have cited one of our own cases. This court has also held that a summons which omitted the name of the county in which the action was pending could be cured by an attached complaint naming the county. *First Nat. Bank of Joseph v. Rusk,* 64 Or 35, 42, 127 P 780, 129 P 121 (1913). In the case now before us, however, nothing in the hands of the person served advised him when to appear in court. A mandatory statutory requirement was wholly ignored. The ma-

jority cites no case holding such a summons to be valid for any purpose.

I think this court would better serve the administration of justice if it would resist the temptation to grant relief from the errors and omissions of those who do not comply with our procedural laws. Each time we adjust procedural rules to fit the needs of some litigant who has chosen to disregard procedural requirements, we deny the adversary his right to rely on procedural regularity. Even worse, we inject uncertainty into an area of law that needs to have fixed and definite boundaries for the good of all. If an occasional litigant has to suffer the consequences of his failure to read the statutes, so be it.

PERRY, C. J., and McALLISTER, J., join in this dissenting opinion.