BEARE, *Appellant,*
*v.*
MOORE, *Respondent.*

549 P2d 669

Argued and submitted March 4, 1976.

*Walter D. Nunley,* Medford, argued the cause and
filed briefs for appellant.

*William G. Carter,* Medford, argued the cause for

respondent. On the brief were Robert H. Grant, of Grant, Ferguson & Carter, Medford.

DENECKE, J.

**DENECKE, J.**

Plaintiff brought this action against the defendant, a California resident, for personal injuries suffered in an automobile collision. Service was attempted pursuant to ORS 15.190, the non-resident motorist statute. Defendant filed a motion to quash on the ground plaintiff did not comply with ORS 15.190(3). The motion was granted. From the trial file it appears that the statute of limitations has run; therefore, a judgment for defendant was entered. Plaintiff appeals.

ORS 15.190(3) provides that service shall be made by leaving copies of the summons with the Motor Vehicles Division (MVD) and "notice of such service and a copy of the summons or process is forthwith sent by registered or certified mail by plaintiff to defendant." Subsection (4) provides: "The summons provided for in this section shall require the defendant to appear and answer the complaint within four weeks after receipt thereof by the Administrator of the [MVD]."

The plaintiff mailed copies of the summons to the MVD. The summons recited that the defendant was to appear within four weeks "from and after the date of receipt thereof by said Administrator" of the MVD. The plaintiff sent defendant by certified mail a copy of the summons and a copy of her letter mailing the summons to the MVD. These documents were timely received by the defendant.

While the plaintiff sent the defendant the date when she mailed the summons to the MVD, she did not send the defendant "notice of such service" on the MVD; that is, the date on which the MVD received the plaintiff's letter. The defendant contends the court did not obtain jurisdiction over the defendant because of this omission.

■ We have not decided this precise question; however, the reasoning we used in previous cases requires that we hold that the court obtained jurisdiction over

the defendant and the trial court erred in quashing service.

In *State ex rel Kalich v. Bryson,* 253 Or 418, 453 P2d 659 (1969), the relator-defendant was personally served in Washington in an action filed in Oregon. The summons stated that if the defendant was served in Multnomah County, the defendant has 10 days within which to appear; if served in any other county in Oregon, the defendant has 20 days to appear. ORS 15.110 provided that if service is made outside the state, the defendant has four weeks within which to appear. This was not stated in the summons.

The trial court denied the defendant's motion to quash and allowed the plaintiff's motion to amend the summons to correct the defect. In a mandamus proceeding we affirmed the action of the trial court. We held:

> "* * * We are of the opinion that whatever inconvenience may be caused to the relators through the failure of the summons to give notice of the time within which to appear or answer it is not sufficient to warrant the conclusion that jurisdiction over them was not acquired and we hold, therefore, that the trial court obtained jurisdiction through the service of the defective summons." 253 Or at 423.

Defendant seeks to distinguish the *Kalich* case for the reason that in *Kalich* the plaintiff filed a motion to amend the summons. The motion to amend was not vital to the court gaining jurisdiction by service of the defective summons. We stated:

> "* * * It is more accurate to say that because of the lack of the notice to the defendant the court did not have jurisdiction *to enter a default judgment.*" 253 Or at 422.

That the motion to amend was not essential to the decision in *Kalich* is also shown by *St. Arnold v. Star Expansion Ind.,* 268 Or 640, 643-645, 658-659, 521 P2d 526, 522 P2d 477 (1974). In that case service was made on the defendant in New York state. The notice required by ORS 15.040(2) in the summons stated at

the bottom of the summons that an appearance must be made within 10 days. The body of the summons stated that if the defendant was served outside Oregon, defendant must appear within four weeks from such service. No motion to amend the summons was made. We held that despite the inconsistent statements therein the summons was not fatally defective and the court acquired jurisdiction by its service, citing *State ex rel Kalich v. Bryson, supra* (253 Or 418).

■ Defendant also contends the motion to quash was properly granted because the plaintiff did not properly serve the MVD. ORS 15.190(3) provides service upon the MVD shall be made "by *leaving* two copies of the summons or process with a fee of $2 in the hands of the Administrator * * *." (Emphasis added.) Assuming, without deciding, that this provides for personal service, the service by mail was not subject to being quashed because it is undisputed that the MVD did receive the summons. *Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972).

Reversed and remanded.