Argued 13 November; decided 8 December, 1902.

**WHALE v. GATCH.**

[70 Pac. 832.]

CONSTRUCTION OF ORAL INDEFINITE CONTRACT.

Where a contract was not originally in writing, and the terms of the oral agreement were imperfect and indefinite, the real contract must be largely inferred, as a question of fact, from the subsequent course of dealing.

From Marion: REUBEN P. BOISE, Judge.

Suit for an accounting by C. A. Whale against Claud Gatch, as receiver of Gilbert Bros. From a decree in favor of defendant, plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of *H. J. Bigger* and *Henry St. Rayner,* with an oral argument by *Mr. Bigger.*

For respondent there was a brief over the names of *Brown & Wrightman* and *George G. Bingham,* with an oral argument by *Mr. J. N. Brown* and *Mr. Bingham.*

PER CURIAM. This is a suit against Claud Gatch, as receiver of the insolvent banking firm of Gilbert Bros., for an accounting. About three years prior to their failure, Gilbert Bros. entered into a contract or agreement with the plaintiff, who is a dealer in musical instruments, by which they were to purchase and furnish him with pianos and organs for his trade. By the terms of the agreement, they were to pay for the instruments, freight, drayage, and expressage thereon, and deliver them to the plaintiff, charging him with the amount of these several items, and an additional 30 per cent on pianos and 36 per cent on organs. The plaintiff was to sell the instruments for whatever he could get, his profit to consist of whatever sum he might be able to realize over and above that charged

him by Gilbert Bros. In most cases the sales were made on time, the plaintiff taking installment notes from the purchasers, which he delivered to Gilbert Bros., receiving at the time, either in cash or by credit on his account, the difference between the cost of the instruments as charged by them and the face of the notes. Under the terms of the sale, the title to an instrument did not pass until it was paid for, and, in case of a failure to make the payments in accordance with the provisions of the installment note, the instrument reverted to the seller, was again put in stock by Whale, and offered for resale. The only question on this appeal is whether, in case of the return of an instrument on account of the failure of the purchaser to make the payments thereon, Whale should be charged with the amount paid to him by Gilbert Bros. for the original sale note, as his profit on the unconsummated sale. The question is purely one of fact. The original contract was not in writing, and the terms of the oral agreement were very imperfect and indefinite at the beginning, so that the real contract must be largely inferred from the subsequent course of dealings between the parties. The court below found and decreed that Whale should be charged in the settlement of his accounts with the amount paid him as profit on instruments which were taken back because of the inability of the purchasers to complete the sale, and we are of the opinion, without detailing the evidence, that the decree should be affirmed, and it is so ordered.          .          AFFIRMED.