Argued July 15, 1959, alternative writ of mandamus dismissed May 11, 1960

STATE ex rel KLEINSORGE et al *v.* REID

352 P. 2d 466

*Wolf D. von Otterstedt,* Special Assistant Attorney General, of Eugene, argued the cause for relators. With him on the brief was Robert Y. Thornton, Attorney General, of Salem.

*Edwin E. Allen,* of Eugene, argued the cause for respondent. On the brief were Bartle & Allen, of Eugene.

Before McALLISTER, Chief Justice, and LUSK,[*] PERRY, SLOAN, O'CONNELL and CRAWFORD, Justices.

McALLISTER, C. J.

This is an original proceeding in mandamus initiated by relators to compel the Honorable Frank B. Reid, a circuit judge for Lane county, to quash the service of summons and dismiss an action filed against relators in the circuit court for Lane county. The relators are the nine members of the State Board of Higher Education and Priscilla K. Johnston Starks, a swimming instructor at Oregon State College.

The proceeding arose out of the following circumstances. Patricia Rae Guiley filed an action in the circuit court for Lane county against the relators to recover damages for personal injuries allegedly sustained by said plaintiff in the swimming pool at Oregon State College as a result of the negligence of the

---

[*] Retired March 15, 1960.

relators. The alleged cause of action arose in Benton county where Oregon State College is located. Summons was served on Priscilla Starks in Benton county. The members of the Board of Higher Education were not individually served but a summons was served on the secretary of the State Board of Higher Education at his office in Lane county.

The relators moved to quash the service of summons on the ground that the venue of said action was not in Lane county but in Benton county where the alleged cause of action arose. Judge Reid denied the motion to quash and the relators then initiated this proceeding.

The relators rely entirely on ORS 14.050, which, insofar as material to this proceeding, reads as follows:

> "Actions for the following causes shall be commenced and tried in the county where the cause, or some part thereof, arose:
>
> "* * * * *
>
> "(2) Against a public officer or person specially appointed to execute his duties for an act done by him in virtue of his office, or against a person who, by his command, or in his aid, shall do anything touching the duties of such officer."

The relators argue that as to the directors of the State Department of Higher Education, the damage action filed in Lane county is an action against public officers on a cause of action that arose in Benton county and that the action should have been commenced in that county.

The respondent argues that the damage action is not an action against a public officer but is an action against the State Board of Higher Education as a cor-

poration created by statute and that venue is controlled by ORS 14.080, which reads as follows:

"All other actions or suits shall be commenced and tried in the county in which the defendants, or one of them, reside or may be found at the commencement of the action or suit, except that an action founded on an alleged tort may be commenced either in the county where the cause of action arose or in the county where the defendants, or one of them, reside or may be found at the commencement of the action. If none of the defendants reside in this state the action or suit may be tried in any county which plaintiff may designate in his complaint."

Respondent contends that the damage action is an action founded on an alleged tort and that under the statutory rule applicable to corporations, the action may be commenced in Lane county where the secretary of the board maintains his office and where he was served with summons.

As to the relator Starks, it is clear that if she were the only defendant in the damage action, venue would be in Benton county where the accident occurred and where she resides and was served with summons. However, if under ORS 14.080, the action may, as to her co-defendants, be commenced in Lane county, then venue as to her is also in Lane county.

The issue then is whether or not the damage action filed in Lane county is against a public officer within the meaning of ORS 14.050 (2). For a history of our statute, which originated in England in 1623 with the statute of 21 Jac I, ch 12, see 40 Cyc 87, Venue, § 3.

At the outset we note that this court held in *Smith v. Patterson,* 130 Or 73, 81, 279 P 271, that a director of the State Board of Higher Education was not an

officer within the meaning of Oregon Constitution, Art XV, § 2, which provides:

"* * * the legislative assembly shall not create any office, the tenure of which shall be longer than four years."

Since that decision was not concerned with venue, we doubt that it is controlling in this case. Members of state boards and commissions are generally regarded as public officers. See 42 Am Jur 901, Public Officers, § 30.

In his answer to the alternative writ of mandamus, respondent alleges that the action filed by Patricia Guiley was against "the corporation organized and existing under and by virtue of the laws of the State of Oregon composed of R. E. Kleinsorge, Henry F. Cabell, J. W. Forrester, Douglas McKean, William E. Walsh, Charles R. Holloway, Jr., A. S. Grant, Cheryl S. MacNaughton and Allan Hart, as constituting the State Board of Higher Education of the State of Oregon."

The complaint in the damage action, a copy of which was attached to the respondent's answer, contained the following allegation:

"That at all times and dates herein mentioned R. E. Kleinsorge, Henry F. Cabell, J. W. Forrester, Douglas McKean, William E. Walsh, Charles R. Holloway, Jr., A. S. Grant, Cheryl S. MacNaughton and Allan Hart, or their predecessors in office, were members of the State Board of Higher Education of the State of Oregon and as said members of the State Board of Higher Education of the State of Oregon, *constituted a corporation organized and existing under and by virtue of the Statutes of the State of Oregon, with said corporation's principal place of business which was and is in Eugene, Lane County, Oregon, the general govern-*

*ment of Oregon State College being vested in and exercised by said corporation, with power to sue and be sued and to, from time to time, vary and* amend all such bylaws and regulations as in their discretion shall seem necessary for the benefit, development and successful working of said Oregon State College." (Italics supplied.)

It is obvious that Patricia Guiley intended to sue the State Board of Higher Education as a corporate entity and named the individual directors for the purpose of identifying and giving the court jurisdiction over such board as a separate legal entity.

We do not agree with the respondent that the board occupies the same status as a private corporation. We think it does have limited corporate powers and is at least a quasi-corporation which, when it is amenable to suit, may be sued as a corporate entity.

The board was created by Oregon Laws 1929, ch 251, p 256. Section 1 of that act, which is now codified as ORS 351.010, read as follows:

"There hereby is created a department of the government of the state of Oregon to be known as the department of higher education. This department shall be conducted under the control of a board of nine directors, to be known as the state board of higher education, hereinafter called the board, which board hereby is created."

Oregon Laws 1929, ch 251, § 6 provided:

"On and after July 1, 1929, the department of higher education shall succeed to and hereby is invested with all the powers and duties of the board of regents of the University of Oregon, the board of regents of the Oregon State Agricultural College, the board of regents of the normal schools, and the board of higher curricula, which boards hereby are abolished effective July 1, 1929."

The statute which describes the general powers and duties of the State Board of Higher Education, ORS 351.060, reads in part as follows:

> "The State Board of Higher Education may:
>
> "* * * * *
>
> "(5). Institute, maintain and participate in suits and actions and other judicial proceedings, *in the name of the State of Oregon,* for the foreclosure of such mortgages or for the purpose of carrying into effect any and all of the powers, duties and authority given to the State Board of Higher Education by this section, ORS 351.070 and 351.150." (Italics supplied.)

Although we have held in *James & Yost v. Board of Higher Edu.,* 216 Or 598, 340 P2d 577, that the above provision is not a waiver by the state of Oregon of its governmental immunity, we do conclude that when suit or action is authorized, the board may sue or be sued in its corporate name. In the *James & Yost* case, the board without objection was sued "in its own name and on behalf of the state of Oregon."

ORS 352.240 provides as follows:

> "The general government of Oregon State College shall be vested in and exercised by the State Board of Higher Education who hereby are constituted a corporation for that purpose, with power to sue and be sued, to make contracts and to enact, and from time to time to vary and amend, all such bylaws and regulations as in their discretion seems necessary or proper for the benefit, development and successful working of the college."

The foregoing statute was a part of the act which created the Board of Regents of the State Agricultural College, Oregon Laws 1885, p 10, and apparently served no purpose after the abolition of that board by Ore-

gon Laws 1929, ch 251, p 256, except to define the powers and duties which had been vested in said board and were transferred to the State Board of Higher Education. In compiling the Oregon Revised Statutes, the code revisor substituted "the State Board of Higher Education" in lieu of "a board of regents to be denominated the board of regents of the state agricultural college of the state of Oregon." Without pausing to determine the effect of this substitution, we do point out that the 1885 enactment expressly provided that the predecessor of the State Board of Higher Education "constituted a corporation."

Another statute bearing on our problem is ORS 15.080, providing for the service of summons. Insofar as applicable here, it reads as follows:

"The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows:

"*    *    *    *    *.

"If against any county, incorporated city, school district, or other public corporation, commission or board in this state, to the clerk or secretary thereof. If any such commission or board does not have a clerk or secretary, to any member thereof."

This statute appears to be a further legislative recognition that an action may be maintained against a state commission or board as a legal entity. If a public officer was sued as an individual member of a commission or board, it would seem that the court could acquire jurisdiction only by personal service on such officer.

In the action filed by Patricia Guiley summons was served on the secretary of the board and no claim is

urged here that such service was not sufficient to give the court jurisdiction over the State Board of Higher Education.

Although the exact legal status of the State Board of Higher Education and its predecessors, the Board of Regents of the University of Oregon and the Board of Regents of the Oregon Agricultural College, has not been well defined, this court has recognized that these boards are vested with corporate powers and have at least a limited corporate status. In *Dunn et al. v. State University,* 9 Or 357, this court held that the board of directors of the University of Oregon was a corporation. In *Liggett v. Ladd,* 23 Or 26, 45, 31 P 81, this court made a similar holding as to the Board of Regents of the State Agricultural College. In the latter case the court said:

> "The question is raised whether the board of regents of the agricultural college of the state of Oregon was such a body as was capable of taking and holding the title to real property. This court in Dunn v. University of Oregon, 9 Or. 357, held that the board of directors of the University of Oregon, created by the act of October 19, 1872, of the legislature, entitled 'An act to create, organize, and locate the University of the state of Oregon,' was a corporation. This board of directors of the state university was created by the legislature of the state in the same manner as the act creating the board of regents of the agricultural college. The board of regents of the agricultural college of the state of Oregon, then, was and is such a corporation, and it is capable of taking and holding the title to real property."

Since the Liggett and Dunn cases were decided this court has on a number of occasions, limited the effect of the broad statements made therein. For example, in

*Farrell v. Port of Columbia,* 50 Or 169, 91 P 546, 93 P 254, the court said:

> "* * * The regents of the University, if an incorporation, in the sense that they may take and hold title to property, and sue and be sued, are not a corporation in the ordinary meaning of that term. They are merely administrative agents of the State, charged with the control and supervision of one of its educational institutions, with no power to levy or collect taxes, or impose burdens upon the people of the State or any particular locality thereof."

In *McClain v. Regents of the University,* 124 Or 629, 634, 265 P 412, the court further limited the holding in the *Dunn* case. We quote from the opinion:

> "This court, in the early decision of Dunn v. The State University, 9 Or. 357, held that the legislature had impliedly designated the Regents of the University a corporation. The court, however, refused to decide whether such should be classified as a private or a public corporation. In *Farrell v. Port of Columbia,* 50 Or. 169 (91 Pac. 546, 93 Pac. 254), the court, speaking through Mr. Chief Justice Bean, commented on the Dunn case as follows:
>
>> " 'The regents of the University, if an incorporation, in the sense that they may take and hold title to property, and sue and be sued, are not a corporation in the ordinary meaning of that term. They are merely administrative agents of the State, charged with the control and supervision of one of its educational institutions, with no power to levy or collect taxes, or impose burdens upon the people of the State or any particular locality thereof.'
>
> "We do not find the force and effect of this statement lessened or destroyed by anything said in State v. Port of Astoria, 79 Or. 1 (154 Pac. 399). We accept the adjudication in the Dunn case that

the Regents of the University is a corporation, with the understanding that it is not private in character. We consider it a public corporation, created by legislative enactment for the special purpose of carrying out the educational policy of the state. In some respects it is analogous to other state institutions which are maintained by appropriations from public funds. As stated in 11 C.J. 975:

> " 'A college or university is usually deemed to be a public institution or corporation and subject, as such, to the plenary control of the state, where it was instituted by the state and maintained out of state funds, or by means of the aid extended by the national government for instruction in agriculture and the mechanical arts. In such cases the corporation, if one is created, is a mere agent or instrumentality of the state to carry out the public purpose.'

> "Also, see 27 R.C.L. 134, 135; Thompson on Corporations (3 ed.), § 26; Regents of the University of Nebraska v. McConnell, 5 Neb. 423; Head v. University of Missouri, 47 Mo. 220; Phillips v. University of Virginia, 97 Va. 472 (34 S.E. 66, 47 L.R.A. 284).

> "Having held that the Regents of the University, although a public corporation, is nevertheless an agency of the state and not an independent legal entity, we next inquire:   *   *   *"

In *Butterfield v. State Indus. Acc. Com.*, 111 Or 149, 153, 158, 223 P 941, 226 P 216, in considering the status of that state agency, the court first held that it was a body corporate in the following language:

> "*   *   * The legislature has provided that the Industrial Accident Commission 'in its name may sue and be sued, and shall have a seal which shall bear the name of the commission.' Section 6611, Or. L. The commission is given other powers exercised by a corporation: Section 6629, Or. L.; Laws

1921, c. 311. It is a creature of the legislature and is a body corporate."

On rehearing the court said:

"The Attorney General also complains because the former opinion in the instant case held the State Industrial Accident Commission to be a corporation. The court so held for the purpose of supporting a proceeding in the name of the State Industrial Accident Commission. Its opinion in that regard is supported by the cases of Dunn v. State University, 9 Or. 357, Liggett v. Ladd, 23 Or. 26, 45 (31 Pac. 81), and Salem Mills Co. v. Lord, 42 Or. 82, 90 (69 Pac. 1033, 70 Pac. 832). So far as this appeal is concerned, it is immaterial whether it is a corporation or not. The opinion does not hold that it is a corporation in the ordinary sense of the words, such as a private or a municipal corporation."

In *Mohler et ux. v. Fish Commission,* 129 Or 302, 305, 276 P 691, the court said in considering the status of that agency:

"* * * The Fish Commission is a mere agency of the state in the nature of a quasi-public corporation created by legislative enactment with certain delegated powers. It has never had any authority to appropriate private property for public use. While the Fish Commission is named as a party defendant, we are of opinion that the action is, to all intents and purposes, against the state. If judgment were obtained against the Fish Commission, it would, in reality, be a judgment against the state. As stated by Justice Wolverton in Salem Mills Co. v. Lord, 42 Or. 82 (69 Pac. 1033, 70 Pac. 832).:

" 'The court will look behind and through the nominal parties to the record, and ascertain if possible who are the real parties to the controversy, and will be governed accordingly; and if it appear that the state, and not the individuals named on the record, is to be affected, it will

stay its hand, and in no event, if it appear that the State is an indispensable party, will the relief be granted unless it submits to the jurisdiction: * * *"

In the latest case considering the status of the State Board of Higher Education, *James & Yost, Inc. v. Board of Higher Edu.*, supra, this court said:

"There can be little question but that the action is one against the state. The State Board of Higher Education is not a separate and distinct entity, granted attributes of sovereignty, but is an instrument or arm of the state, charged with carrying out one of the functions of government, to-wit, the education of the peoples of the state. ORS 351.010. It has such powers and duties only as the state entrusts to the Board and these powers and duties are set forth by statutory enactment. McClain v. Regents of the University, 124 Or 629, 265 P 412."

From a review of our prior decisions we are satisfied that the board as created by statute is an agency of the state vested with limited corporate powers and is best described as a public quasi-corporation. It is not in any sense a private corporation. The legislature has provided that the board in a proper case can sue or be sued in the name of the state of Oregon. We further believe that the action filed by Patricia Guiley was filed against the board as a public quasi-corporation rather than as an action against a group of individual public officers. The board apparently has no office or place of business fixed by statute. It is conceded, however, that the secretary of the board maintains his office in Lane county. We conclude that under these circumstances the circuit court for Lane county had venue of the action.

If, in due course, the action is dismissed as against the board, see *Bacon v. Harris,* 221 Or 553, 352 P2d

472, decided this day, the relator Priscilla Starks will have an opportunity to move for a change of venue to Benton county.

The demurrer filed by relators to respondent's answer to the alternative writ of mandamus is overruled and the alternative writ is dismissed.