Argued March 3, affirmed June 18, 1969

GARCIA, *Appellant, v.* DEPARTMENT OF
MOTOR VEHICLES, *Respondent.*

456 P2d 85

*Donald F. Myrick,* Grants Pass, argued the cause for appellant. With him on the brief was Donald C. Williams, Grants Pass.

*Myer Avedovech,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

This is an appeal from a judgment which affirmed the suspension of a motor vehicle operator's license under ORS 482.540 because of the operator's refusal to submit to a chemical breath test as required by the implied-consent law (ORS 483.634).

■ The twenty assignments of error fall into four major groups. One group asserts that the procedural rules for criminal trials must be observed in a proceeding under ORS 482.540. This contention was answered adversely to the petitioner in *Heer v. Dept. of Motor Vehicles,* 252 Or 455, 450 P2d 533 (1969), and *Burbage v. Dept. of Motor Vehicles,* 252 Or 486, 450 P2d 775 (1969). For an annotation dealing generally with the consent statutes, see 88 ALR2d at 1064.

■ Another group raises constitutional questions about the right to counsel. These contentions likewise were answered adversely to the petitioner in *Heer* and *Burbage.* See also *Buda v. Fulton,* — Ia —, 157 NW2d 336 (1968); *Gottschalk v. Sueppel,* 258 Ia 1173, 140 NW2d 866 (1965).

A third group of assignments challenges various rulings and instructions during the trial.

■ As in *Heer* and *Burbage,* the petitioner in this case was arrested and charged with driving while intoxicated. He refused the breath test after receiving the advice required by ORS 483.634(2). The fact of the refusal was duly reported to the department, and, under the provisions of ORS 482.540, the department notified the petitioner of its intention to suspend his license twenty days from the date of the notice. Upon receiving the "twenty-day" notice, the petitioner requested the hearing provided for in ORS

482.550. After the hearing and an adverse ruling by the hearing examiner, the petitioner filed his petition for judicial review in the circuit court as provided by ORS 482.560.

The document which the petitioner filed in the circuit court incorporated within it all the findings and conclusions of the hearing officer. These findings were, as might be expected, adverse to the petitioner on every material fact upon which he was seeking judicial review. He now asserts that it was error to send his pleading to the jury.

The petitioner argues that his petition for appeal was merely an initiatory document and that, for the purpose of framing the issues, the answer of the Department should have been assigned the role of the complaint in the case. This argument has been foreclosed by *Heer* and *Burbage*. Those cases hold that the petitioner is, in effect, the plaintiff. Therefore, the petition, and not the answer of the Department, takes the place of the complaint in the pleading of a case of this kind. If a petitioner wants to be certain that the Department's findings and conclusions are not placed before the jury, he is free to omit them from his pleading. Nothing in ORS 482.560 requires a petitioner to set forth in his petition all the findings and conclusions made by the hearing officer.

The court's standard instructions on the pleadings correctly advised the jury. The court told the jury that the pleadings were not evidence and that the allegations contained in the pleadings must be established by the preponderance of the evidence. While it would have been advisable in this case to have withdrawn from the papers going to the jury any administrative findings and conclusions, submitting the document in the case at bar was not reversible error.

■ The court also instructed the jury that there is a presumption that the hearing officer performed his duties regularly and in accordance with the law when he ordered the suspension of the appellant's driver's license. We believe that such an instruction, while correct as an abstract statement of law, is inappropriate in a case of this kind. The presumption is one the jury has no need to know in a case which is being tried "*de novo.*" *Buda v. Fulton,* supra.

The hearing officer has no special knowledge or expertise which would be helpful to the jury in performing its task in the circuit court. The department says such an instruction is required by our holding in *Dimitroff v. State Ind. Acc. Com.,* 209 Or 316, 340, 306 P2d 398 (1957). It is true that the *Dimitroff* case required an instruction that there is a disputable presumption in favor of the decision of the State Industrial Accident Commission in a case involving medical expertise.

The hearing officer for the State Department of Motor Vehicles, however, merely hears nonexpert evidence and makes a decision as to whether or not certain statutory steps have been taken. The instruction on the presumption in favor of the agency in the *de novo* trial of this case cannot be justified by rational analysis of the jury's function, but the instruction could not have caused enough harm to require a new trial.

■ As in the *Burbage* case, the trial court had required the Department to assume the burden of proof and to go forward with the evidence. This was a burden which should have been assigned to the petitioner. *Burbage v. Dept. of Motor Vehicles,* supra. We believe, therefore, that the error in placing the burden of proof upon the Department canceled out any error

which may have resulted from the instruction on the presumption.

The jury was told that it had to decide the questions presented by the evidence in the trial; that disputable presumptions could be controverted; and that the petitioner was presumed to be innocent of any wrongdoing. These instructions effectively neutralized any prejudice that may have lurked in the instruction concerning the findings of the hearing examiner. In the future, when the procedure approved by *Heer* and *Burbage* is used, it will be obvious to the jury that the petition seeks judicial review of an adverse ruling by an administrative hearing officer. But the jury will be guided by rules that apply when the petitioner has the burden of proof. The procedure and instructions used in the case at bar were, on the whole, more favorable to the petitioner than was necessary, and the errors that flowed from the misplacement of the burden of proof helped him more than they hurt him.

■ It is not for this court to pass upon the wisdom of a *de novo* jury trial in this type of case. The Legislative Assembly has made the policy decision. We believe it is consistent with that policy for the trial court to tell the jury as little as possible about what the hearing officer thought or said about the facts at an earlier stage of the controversy. A trial *de novo* ought to be as nearly as possible a trial free from prejudice for or against the parties arising out of the administrative action from which the appeal is taken. See, on trial *de novo* generally, 2 Am Jur 2d 597, 599, Administrative Law §§ 698, 699 (1962). If the legislature deems it advisable to repose more authority in the Department and to make such administrative power subject to the usual judicial review, the legis-

lature is free to do so. At present, we have a system that calls for trial *de novo,* and the courts have the duty to try to make the system work. See *Stehle v. Dept. of Motor Vehicles,* 229 Or 543, 368 P2d 386, 97 ALR2d 1359 (1962).

■■ Finally, the assertion that a driver can be too intoxicated to understand the options open to him and thus cannot be properly subject to penalty for refusing to take the test presents a question that need not detain us. We hold that the Department of Motor Vehicles need not prove a specific intent on the part of the driver who refuses the test. The Department makes out a defense to the petition upon proof that the test was offered according to the statutory instructions and that after all preliminary statutory requirements were met the test was refused. We doubt that the legislative purpose of the statutory scheme would be served by permitting an operator to retain his driving privileges solely because, when he refused the breath test, he was too drunk to make an intelligent decision in accepting or refusing the test.

Affirmed.