Argued June 15, affirmed July 23, 1970

SOWLES, *Appellant, v.* DEPARTMENT OF
MOTOR VEHICLES, *Respondent.*

472 P2d 839

*Maxwell Donnelly,* Portland, argued the cause and filed the brief for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

This is an appeal under ORS 482.540 et seq., the Implied Consent Law, concerning suspension of vehicle driver's licenses, which was found valid in *Herr v. Dept. of Motor Vehicles*, 252 Or 455, 450 P2d 533 (1969), and *Burbage v. Dept. of Motor Vehicles*, 252 Or 486, 450 P2d 775 (1969).

In his brief, petitioner states that he has appealed from dismissal of his appeal to the circuit court following the sustaining there of the defendant's demurrer to his petition and his refusal to plead over. It appears from his brief that after an administrative hearing as provided in ORS 482.550 he was given a notice of suspension of license by the defendant.

The body of his circuit court petition, omitting the caption and prayer, states:

"I

"That Petitioner's driver's license number is 557 763; that on the 28th day of April, 1969, the Department of Motor Vehicles of the State of Oregon mailed Petitioner a copy of an Order of the suspension of his driver's license which recited that the said action was based upon 'Police Report of Refusal to Submit to Chemical Breath Test'.

"II

"That the facts provided by law which are necessary to give the Department of Motor Vehicles authority to issue such Order did not exist and the issuance of such Order was erroneous."

The stated reason for the demurrer was that the

petition does not state facts sufficient to constitute a cause of action.

ORS 482.560 provides that if, *after the administrative hearing provided in ORS 482.550*, a person's driver's license is suspended, he may appeal to the circuit court in the county where he resides for a de novo trial by jury.

The briefs and the memorandum which were submitted to the trial judge argue about whether the petition states sufficient specific affirmative facts to state a cause and whether it should or should not contain an allegation that petitioner is a resident of Multnomah County. The apparent fundamental defect, not mentioned in briefs and the one upon which we believe the trial court acted, and for which it gave petitioner 20 days to plead over, is that there is no allegation in the pleading to the effect that petitioner has exhausted his administrative remedy. Nothing in the petition states that the appeal is from a determination after an administrative hearing pursuant to ORS 482.550. Without that, no cause of action can be stated and without that the court could not have jurisdiction.

Affirmed.