Argued April 26, affirmed April 26, petition for review denied
and motion to shorten time denied May 10, 1972

PORTER (No. 72 1229), *Appellant, v.*
MYERS, *Respondent.*

496 P2d 227

*Charles O. Porter,* Eugene, argued the cause for appellant pro se.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

PER CURIAM.

Plaintiff appeals from an adverse ruling of the Circuit Court for Lane County in his declaratory judgment action against Clay Myers, Secretary of State. He seeks a declaration that defendant failed to follow procedural requirements of the Administrative Procedures Act (ORS ch 183) in placing the name of Edward M. Kennedy on the Democratic presidential preference ballot for the May 23, 1972, primary election (ORS 249.368), and that therefore such name must be removed therefrom. At the request of the parties we have agreed to hear the matter on a stipulated statement and without a complete record because of the proximity of the election and necessity for resolving the issue in time to permit ballot preparation.

We question whether the action was properly commenced in Lane County (ORS 14.050 (2); *State ex rel Kleinsorge et al v. Reid,* 221 Or 558, 352 P2d 466 (1960)); however, inasmuch as the question has not otherwise been raised and has not been briefed, we reserve ruling thereon.

██ ORS 249.368(2)(a) provides that the Secretary of State shall place the names of presidential candidates on the ballot "when he shall have determined in his sole discretion that such candidate's candidacy is generally advocated * * *."

The provision of the Administrative Procedures Act upon which plaintiff relies is that part of the Act which defines a rule, the promulgation of which is subject to the procedural requirements of the Act. That definition says a rule means:

"* * * any agency directive, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes

the procedure or practice requirements of any agency * * *." ORS 183.310 (7).

We have considered the arguments of plaintiff but find that they do not overcome the clear language of the applicable statutes. The order of the Secretary of State to election clerks directing the placing of specific names on the ballot does not, in our opinion, implement, interpret or prescribe law or policy. The "law or policy" involved was prescribed by the legislature when it gave the "sole discretion" to the Secretary of State, under guidelines set forth in ORS 249.-368, to designate the names to be on the ballot. If judicial intervention can be justified, it must be shown that the guidelines of ORS 249.368 (2)(a) have not been observed. Such has not been shown.

Affirmed.