Submitted January 4, reversed and remanded with
instructions January 21, 1974

AMES, *Respondent, v.* MOTOR VEHICLES
DIVISION (No. 33-192), *Appellant.*

517 P2d 1216

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for appellant.

Richard W. Hill, Forest Grove, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

SCHWAB, C. J.

This is an appeal from the judgment of the circuit court in favor of the petitioner when the defendant elected not to plead further after an order overruling defendant's demurrer to the petition on the ground that it failed to state a cause of action. The petition read in pertinent part:

"IN THE CIRCUIT COURT OF THE STATE OF OREGON

"FOR THE COUNTY OF WASHINGTON

"In the Matter of a refusal to submit to a breath test by:

ERIC LEE ROY AMES

"Petitioner

"COMES NOW, The Petitioner and alleges:

"I

"The above entitled Matter was heard in Washington County on August 3, 1972, before the Motor Vehicles Division * * *.

"II

"Findings of fact were found, which Findings of fact were in fact erroneous, and not based upon the evidence presented: conclusions of law, improperly interpreting and inaccurately applying law were made, and a decision involving affirmative findings was entered, terminating Petitioner's driving privileges for a period of 90 days * * *.

"WHEREFORE, comes now the Petitioner and prays this Court enter an Order based upon this Petition and after hearing the evidence and arguments of council herein, reversing the decision and Order afore mentioned.

"* * * * * *"

■ For the reasons which follow, we hold that the trial court erred in overruling the demurrer.[1]

The petition does not speak of the breathalyzer law or any facts which would relate the petition to the breathalyzer law beyond the mere caption. The only factual allegations in the petition are the allegations that the petitioner had a hearing and that his driving privileges were suspended. If this is assumed to be a matter resulting from a refusal to submit to a breathalyzer test, then the petition is the complaint.

---

[1] In this opinion we borrow heavily from defendant's brief.

"* * * [T]he petition, and not the answer of the Department, takes the place of the complaint in the pleading of a case of this kind * * *." *Garcia v. Dept. of Motor Vehicles,* 253 Or 505, 508, 456 P2d 85 (1969).

The petition says nothing more than that the petitioner had a hearing and his operator's license was suspended. All allegations are conclusions. They merely state the "findings of fact were erroneous * * * not based upon the evidence presented * * * improperly interpreting and inaccurately applying law * * *," etc. These conclusions allege nothing and are not admitted by the demurrer. Eliminating the conclusions, the petition does not state a cause of action.

"* * * It is a well settled rule of pleading that bare allegations of conclusions cannot avail the pleader, especially where a demurrer is interposed, without a statement of the probative facts upon which said conclusions are based * * *." *Longshore Printing Co. v. Howell,* 26 Or 527, 536, 38 P 547, 46 Am St Rep 640, 28 LRA 464 (1894).

*See also, Nadeau v. Power Plant Engr. Co.,* 216 Or 12, 15, 337 P2d 313 (1969); *Kelley et ux. v. Mallory et ux.,* 202 Or 690, 277 P2d 767 (1954); and *Mattoon v. Cole,* 172 Or 664, 669, 143 P2d 679 (1943).

The requirement that a pleading plead operative facts is not in these circumstances an anachronistic nicety. From the face of this petition, the basis for the petitioner's suspension cannot be determined. The mere fact that the suspension took place after a hearing does not create the right to an evidentiary hearing before the circuit court. Suspension of the privilege of operating a motor vehicle requires a hearing both constitutionally, *Bell v. Burson,* 402 US 535, 915 S Ct 1586, 29 L Ed 2d 90 (1971), *Boykin v. Ott,* 10 Or App

210, 498 P2d 815, Sup Ct *review denied* (1972), *dismissed* 411 US 912, 93 S Ct 1554, 36 L Ed 2d 304 (1973), and by statute, ORS 482.490.② Judicial review of hearings for non-mandatory suspensions are by administrative review in this court under the Administrative Procedures Act. ORS 482.490. Outside of the caption, there is nothing in this petition that states the basis of the revocation.

■■ Even assuming that the language in the caption conclusively determines that the suspension was based upon a refusal to take the breath test there is a practical reason to require that the petition state the operative facts. Review of breathalyzer suspensions is de novo in circuit court before a jury, ORS 482.560.③ The statutory grounds are set out in ORS 482.550 (2) (a) through (e).④ The statute gives a petitioner the

---

② "Judicial review of orders denying, suspending or revoking a license, except where such suspension or revocation is mandatory, shall be as provided in ORS 183.310 to 183.500." ORS 482.490.

③ "(1) If, after a hearing as provided by ORS 482.540 and 482.-550, an order of suspension is issued, the person shall have the right, within 30 days after he receives notice of the order of suspension, to appeal the matter by filing a petition in the circuit court for the county where he resides. The court upon receipt of the petition shall set the matter for trial upon 10 days' notice to the division and to the appellant. The trial in the circuit court shall be de novo and the appellant shall have the right to a jury as provided in criminal actions.

"(2) No order of suspension issued in accordance with subsection (1) of ORS 482.550 shall take effect until the time to appeal has expired. If an appeal is filed, the order of suspension shall take effect when affirmed on appeal or when the appeal is dismissed." ORS 482.560.

④ "* * * * * *

"(2) The scope of the hearing shall be limited to:

"(a) Whether the person at the time he was requested to submit to a test was under arrest for driving a motor vehicle while under the influence of intoxicating liquor in violation of subsection (2) of ORS 483.992 or of a municipal ordinance;

right of a second hearing on the facts, and that right carries with it the responsibility of pleading and proving wherein the suspension was improper.[9] A factual pleading outlines the petitioner's contentions, limits the areas of consideration, is of assistance to the trial court in the conduct of the trial, the admission of evidence and ruling on objections. It specifies the issues for the jury and limits the time consumed in establishing the questions of fact to be determined by the jury. Finally, it allows the defendant to prepare its defense.

The foregoing principles underlying the requirement of the pleading are not new, they merely demonstrate the necessity for a requirement that petitioner plead facts rather than conclusion, and thus the propriety of the demurrer in the case at bar.

The use of a demurrer to attack a breathalyzer complaint which failed to plead factual material was held proper in *Prucha v. Department of Motor Vehicles*, 172 Neb 415, 110 NW2d 75, 88 ALR2d 1055 (1961). An examination of the complaint held demurrable in that case demonstrates that it could far

---

"(b) Whether the police officer had reasonable grounds to believe, at the time the request was made, that the person refusing to submit to the test had been driving under the influence of intoxicating liquor in violation of subsection (2) of ORS 483.992 or of a municipal ordinance;

"(c) Whether the person refused to submit to a test;

"(d) Whether such person was informed of the consequences, under ORS 482.540 to 482.560, of his refusal to submit to the test; and

"(e) Whether such person was informed of his rights as provided in ORS 483.638." ORS 482.550.

[9] The proceedings before the circuit court are civil in nature. Garcia v. Dept. of Motor Vehicles, 253 Or 505, 456 P2d 85 (1969); Heer v. Dept. of Motor Vehicles, 252 Or 455, 450 P2d 533 (1969); Burbage v. Dept. of Motor Vehicles, 252 Or 486, 450 P2d 775 (1969).

more easily have been interpreted as factual than the complaint in the instant case.

Reversed and remanded with instructions to sustain the demurrer.