Argued October 23, 1974, reversed January 20, 1975

MAUPIN (No. 400-265), *Respondent, v.*
STATE ᴇx ʀᴇʟ DEPARTMENT OF
MOTOR VEHICLES, *Appellant.*
530 P2d 866

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*L. M. Giovanini,* Beaverton, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Petitioner Maupin, after a hearing held under ORS 482.550, was found by the Oregon Motor Vehicles Division (hereinafter referred to as MVD) to have refused to take a breathalyzer test. His driver's license was therefore suspended. He appealed pursuant to ORS 482.560.

It is conceded that he filed the required petition in Multnomah County Circuit Court under the latter section and had delivered a copy of it on February 26, 1974, to the manager of the Portland office of the MVD. No summons accompanied its delivery and none was ever served anywhere on the MVD. In his brief, he states:

"* * * Everything was set forth in the Petition *except the time when the Appellant was to appear* * * *." (Emphasis supplied.)

Thereafter, on March 12, petitioner filed a motion for a default judgment. This was not served on the MVD. Also on March 12, the trial court, by order, allowed the motion for default judgment against the MVD and on March 15 entered a default judgment which vacated the suspension order. On the same date, the MVD filed a motion to strike portions of the petition. No disposition was made of this motion.

On March 27, the MVD filed a motion to set aside the default judgment pursuant to ORS 18.160. After argument on April 19, the trial judge denied this without findings or opinion. MVD appeals both from the judgment dismissing its order of suspension and from the order denying its motion to vacate that judgment. It challenges entry of the judgment on the ground the court lacked jurisdiction to enter it be-

cause there was no valid service of the petition constituting the appeal upon it. Furthermore, it is conceded the trial court failed to give the 10-day notice of trial prior to entry of the default as provided in ORS 482.560 (1). This section provides:

"If, after a hearing as provided by ORS 482.-540 and 482.550, an order of suspension is issued, the person shall have the right, within 30 days after he receives notice of the order of suspension, to appeal the matter by filing a petition in the circuit court for the county where he resides. *The court upon receipt of the petition shall set the matter for trial upon 10 days' notice to the division and to the appellant.* The trial in the circuit court shall be de novo and the appellant shall have the right to a jury as provided in criminal actions." (Emphasis supplied.)

■ When the statute creating a right of action is silent as to the procedure to be followed in implementing it, ORS 1.160[1] provides that "any suitable process * * * may be adopted which * * * [appears] most conformable to the spirit of the procedural statutes." We think that statute has application here. *Meaney v. State Industrial Acc. Com.*, 113 Or 371, 384-85, 227 P 305, 232 P 789 (1925); *Lefler v. Lefler,* 218 Or 231, 248-49, 344 P2d 754 (1959).

ORS 15.080 (2), relating to service of summons, provides:

"The summons shall be served by delivering a

---

[1] ORS 1.160 provides:

"When jurisdiction is, by the constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

copy thereof, with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows:

"* * * * *

"(2) If against any county, incorporated city, school district or other public corporation, commission or board in this state, to the clerk or secretary thereof. If any such commission or board does not have a clerk or secretary, to any member thereof."

In *State ex rel Kleinsorge v. Reid,* 221 Or 558, 352 P2d 466 (1960), the court after quoting ORS 15.080 (2), said:

"* * * This statute appears to be a further legislative recognition that an action may be maintained against a state commission or board as a legal entity * * *." 221 Or at 565.

The court then concluded:

"From a review of our prior decisions we are satisfied that the board as created by statute is an agency of the state vested with limited corporate powers and is best described as a public quasi-corporation * * *." 221 Or at 570.

■ We conclude the Department of Transportation (ORS 184.610 to 184.612) and its subsidiary, the Motor Vehicles Division (ORS 184.615 (2)(c)) constitute a "board or commission of this state" within the meaning of ORS 15.080 (2).

No contention is made that the petition was served upon the clerk or secretary either of the Department of Transportation or of the Motor Vehicles Division (ORS 184.615 (3)), the Director of Transportation (ORS 184.620), or upon any member of the Oregon Transportation Commission (ORS 184.612).

■ Since ORS 482.560 is silent as to the method

of serving the Motor Vehicles Division, we think the general statute, ORS 15.080 (2) previously set forth, is "most conformable to the spirit of the procedural statutes." ORS 1.160. Clearly, it was not complied with by delivery of a copy of the petition to the manager of the Portland office of the MVD.

Here, however, the MVD voluntarily filed a general appearance by moving to strike portions of the petition. It made no effort to quash the attempted service of the petition on its Portland office, which we have here held to be a nullity. By this general appearance, the circuit court on March 15 acquired jurisdiction over the person of the MVD. It already had acquired jurisdiction over the subject matter by the filing of the petition, which was correctly filed in that court.

We now turn to the failure of the court to allow the motion to vacate the judgment. We note from the affidavit filed by MVD's counsel therewith, that no notice of trial of any kind was given MVD by the court prior to the taking of the default judgment, despite the express requirement of ORS 482.560 (1). Petitioner concedes not only that no summons accompanied the copy of his petition delivered to the Portland office, but that the petition itself did not specify any time within which any response, appearance, or other act was required by MVD.

In *State ex rel Kalich v. Bryson,* 253 Or 418, 453 P2d 659 (1969), the court said:

"Concededly it is important that defendant be informed of the time within which he must respond to the plaintiff's complaint. If, as in the present case, no time is specified he should be entitled to assume that notice of specified time for answer or

appearance is forthcoming, and, until he receives it, the machinery of the court should not be permitted to move to his detriment. If he receives no notice relating to the time for answer or appearance, it would seem clear that a default judgment entered against him would be void and therefore subject to both direct and collateral attack. We ordinarily explain this by stating that because the defendant failed to receive proper notice the court did not have jurisdiction. It is more accurate to say that because of the lack of notice to the defendant the court did not have jurisdiction *to enter a default judgment.*" (Emphasis in original.) 253 Or at 421-22.

■ Thus it is clear that in the absence of any notice to the MVD setting forth the time for appearance, and the failure of the court to give the 10-day notice of trial mandated by the statute, that it was error both to grant the default judgment and later to refuse to vacate it.

Reversed.

SCHWAB, C. J., specially concurring.

I agree that the circuit court's default judgment should be reversed. However, the record in this case indicates that there may be widespread confusion among the bench and bar about the procedures in this kind of case. The majority discusses only one of the problems—service of the petition. I favor a broader effort to end the apparent confusion.

I think the questions we should decide are: Must the petition in cases arising under ORS 482.560 (1) be served with a summons; upon whom should the petition and summons, if required, be served; and must the Motor Vehicles Division appear by way of a responsive pleading?

The first and third questions—need for a summons and responsive pleading—are interrelated, since by definition a summons commands a person to enter an appearance by filing a responsive pleading. ORS 15.040.[1]

ORS chs 11 through 24 establish general procedures to be followed in civil litigation. Personal jurisdiction to enter a default judgment or otherwise proceed is ordinarily acquired by service of a summons. ORS ch 15; *State ex rel Kalich v. Bryson,* 253 Or 418, 453 P2d 659 (1969). ORS ch 15 provides that a summons is required to commence an action, and governs the contents, manner of service, etc., of a summons. These provisions "apply to and govern the mode of proceedings in suits as well as actions, *except as otherwise provided by statute."* ORS 15.-010 (emphasis supplied). A person served with a summons must, within the time fixed by statute, ORS 15.040 (3), or extended by the court, ORS 16.050, file an answer or other responsive pleading as provided in ORS 16.260 through 16.340. These provisions "apply to and govern the mode of proceedings in suits as well as actions, *except as otherwise specially provided."* ORS 16.010 (emphasis supplied).

This case arises under ORS 482.560 (1), which provides:

"If, after a hearing as provided by ORS 482.-

---

[1] "The summons shall contain the name of the court in which the complaint is filed, the names of the parties to the action, and the title thereof. It shall be subscribed by the plaintiff if the plaintiff is a resident of this state, or by a resident attorney of this state, either of whom shall state his residence or post-office address thereon, and be directed to the defendant, and shall require him to appear and answer the complaint, as in this section provided, or for want thereof the plaintiff will apply to the court for the relief demanded therein." ORS 15.040 (1).

540 and 482.550, an order of suspension is issued, the person shall have the right, within 30 days after he receives notice of the order of suspension, to appeal the matter by filing a petition in the circuit court for the county where he resides. The court upon receipt of the petition shall set the matter for trial upon 10 days' notice to the division and to the appellant. The trial in the circuit court shall be de novo and the appellant shall have the right to a jury as provided in criminal actions."

Thus, reading the general procedural statutes and ORS 482.560 (1) together, the question becomes whether the requirements of a summons and responsive pleading are applicable, or, instead, whether ORS 482.560 (1) "otherwise provides."

This depends upon the interpretation to be given to the penultimate sentence of ORS 482.560 (1): "The court upon receipt of the petition shall set the matter for trial upon 10 days' notice to the division and to the appellant." Does this contemplate that the petition need not be served with a summons, and that the Division need not file a responsive pleading?

I think not. Oregon appellate courts have long assumed that most or all of the general procedural statutes, ORS chs 11 through 24, are applicable to this kind of license-suspension case. There are three Supreme Court decisions: *Burbage v. Dept. of Motor Vehicles*, 252 Or 486, 450 P2d 775 (1969); *Heer v. Dept. of Motor Vehicles*, 252 Or 455, 450 P2d 533 (1969); and *Garcia v. Dept. of Motor Vehicles*, 253 Or 505, 456 P2d 85 (1969). *Burbage* states the "jury trial shall be conducted as in any [other] civil action." 252 Or at 492. *Heer* holds that the petitioner has the burden of proof as in other civil actions. 252 Or at 464. *Garcia* repeats these earlier holdings.

There are many Court of Appeals decisions in ORS 482.560 (1) cases. *Ames v. Motor Vehicles Division,* 16 Or App 288, 517 P2d 1216 (1974), tests the sufficiency of a petition by the same standards that complaints are tested by in other civil litigation. Both *Ames* and *Sowles v. Dept. of Motor Vehicles,* 3 Or App 117, 472 P2d 839 (1970), assume that the Division can file a demurrer to a petition in this kind of case. An example of an explicit cross-reference to the general procedural statutes, ORS chs 11 through 24, is *Thorp v. Dept. of Motor Vehicles,* 4 Or App 552, 557, 480 P2d 716 (1971):

> "Waiver of jury trial in civil proceedings is controlled by ORS 17.035. The requirement that waiver of jury trial in civil actions can only be accomplished by the express consent of all parties to the action has been the interpretation placed on ORS 17.035 by the Supreme Court for over 80 years. [Citing cases.] The cited cases involved private parties. However, we are not aware of any authority for the proposition that when the state is a litigant in a civil action it does not have the same statutory rights as any other litigant * * *."

In this case itself we continue to assume that that part of the general procedural statutes—those governing default judgments—apply to an ORS 482.560 (1) case.

Turning to the specifics of summons and responsive pleading, these questions do not appear to have been explicity considered in prior Oregon cases. But I note that all ORS 482.560 (1) cases that refer to the matter one way or the other indicate that the Division did file a responsive pleading. *Heer* (Division filed answer, 252 Or at 458); *Garcia* (Division filed answer, 253 Or at 508); *Sowles and Ames* (Division filed demurrer).

In *Ames v. Motor Vehicles Division,* supra, we considered the specificity required in the petition in an ORS 482.560 (1) case and the reasons for the requirement:

"* * * A factual pleading outlines the petitioner's contentions, limits the areas of consideration, is of assistance to the trial court in the conduct of the trial, the admission of evidence and ruling on objections. It specifies the issues for the jury and limits the time consumed in establishing the questions of fact to be determined by the jury * * *." 16 Or App at 293.

The same reasoning supports requiring the Division to file an answer. For example, the Division would typically admit that an administrative suspension had occurred. This would limit the areas of consideration and the time consumed in estabishing the questions of fact to be determined by the jury.

Moreover, I think practice should be consistent one way or the other. If ORS 482.560 (1) means responsive pleadings are not required, it should follow that they are not permitted. Yet *Ames* and many other cases permit the Division to file a demurrer. Consistency requires that if the Division can file a demurrer to a defective petition, it must file an answer to a good petition.

All of these considerations lead me to the following conclusions: (1) The petition in this kind of case should be served with a summons; (2) the Division, as required by the summons, should file responsive pleadings just as is done in other civil litigation; (3) the penultimate sentence of ORS 482.560 (1), providing for notice of the trial date, means that once the pleadings are complete the trial court should give the notice required by that passage in ORS 482.560 (1)

notwithstanding any contrary local court rule or custom.

I believe these conclusions, if followed by the bench and bar, can bring a healthy measure of order to an area of litigation now characterized by chaos, if the record in this case is any indication.

On the question of where the petition and summons should be served, I am in general agreement with the majority.

Some statutes provide for specialized service-of-process rules applicable to actions involving specific agencies. *See, e.g.,* ORS 15.085. Other statutes require service on the Attorney General in some situations. *See, e.g.,* ORS 30.370. When, as here, no specialized statute is applicable, resort must be had to the general service-of-process statute, ORS 15.080 (2), which provides:

> "The summons shall be served by delivering a copy thereof, with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows:
>
> "* * * * *
>
> "(2) If against any county, incorporated city, school district or other public corporation, commission or board in this state, to the clerk or secretary thereof. If any such commission or board does not have a clerk or secretary, to any member thereof."

However, even this general statute fails to specify where service should be made in a case like this because even if we were to hold the Division to be a state "commission or board," it does not have a clerk, or a secretary, or members. ORS 481.910 through 481.970 generally govern the structure and powers of the

Division. ORS ch 482 spells out the Division's control over drivers' licenses in detail. Many of these statutes refer to the Division's being under the control of an administrator, *e.g.,* ORS 481.930 (1), but none of them refers to a clerk, or a secretary, or members.

Further complicating this question are other Oregon statutes that refer to the Division as merely an "administrative division" of the Department of Transportation. ORS 184.615 (2)(c). Yet we know from long experience that the named defendant in this kind of case is always the Division, not the Department of Transportation. Given the Division's plenary statutory control over drivers' licenses, ORS ch 482, presumably not subject to modification by the Department of Transportation, it would appear appropriate that these cases be prosecuted against the Division. Yet there is no statute that clearly provides for service on the Division.

When the statute creating a right of action is silent as to the procedure to be followed in implementing it, ORS 1.160 provides that "any suitable process * * * may be adopted which * * * [appears] most conformable to the spirit of the procedural statutes." I agree with the majority that ORS 1.160 is applicable here. Comparing this situation to others where a state agency is a defendant in judicial proceedings, I would hold it would be most conformable to the spirit of the procedural statutes for a petition and summons to be served either on the Administrator of the Division in Salem, or on the Attorney General in Salem.

In this case, the petition was not served with a summons, and the service of the petition on the Port-

land office of the Division was defective under the above analysis. For these reasons I conclude the circuit court lacked jurisdiction to enter a default judgment.