FIALA, *Respondent,*
*v.*
MOTOR VEHICLES DIVISION, *Appellant.*
(No. 421-646, CA 7277)

567 P2d 603

Al J. Laue, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Michael R. Jordan, Portland, argued the cause for respondent. With him on the brief was Jordan & Jordan, Portland.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

The issue in this appeal is whether the failure of the Motor Vehicles Division to file a responsive pleading to a petition for appeal of a driver's license suspension pursuant to ORS 482.560 is grounds for a default judgment under ORS 18.080.

Following a hearing before the Motor Vehicles Division pursuant to ORS 482.550, petitioner's driver's license was suspended for refusal to submit to a breathalyzer test. ORS 482.540. Petitioner filed a petition for appeal of the suspension in the circuit court under ORS 482.560(1) and served a copy of the petition on the Division. Subsequently, the Division moved to strike an allegation of the petition on the ground it was "irrelevant, sham and frivolous." A hearing was set on the motion to strike at which the Division did not appear. The court entered an order denying the motion and allowing the Division ten days to plead further.

When the Division submitted no further response the petitioner filed a "motion for judgment." In his brief petitioner contends this was a motion for judgment on the pleading which is in the nature of a trial. However, the motion was based solely upon failure of the Division to plead further and ORS 18.080 was cited as the only authority. We treat the motion as seeking a default judgment for failure of the defendant to answer as authorized in ORS 18.080. The Division received ample notice of the motion and appeared for argument. The court granted the motion on the ground specified.

The only statutory procedure directly relating to appeals from a driver's license suspension is contained in ORS 482.560(1), which provides, in pertinent part:

> "* * * The court upon receipt of the petition shall set the matter for trial upon 10 days' notice to the division and to the appellant. The trial in the circuit court shall be de novo and the appellant shall have the right to a jury as provided in criminal actions."

[ 591 ]

The Division argues no responsive pleading is required under this statute and therefore the matter is at issue on the petition and must be set for trial with the required notice before any action can be taken. Conversely, petitioner contends an answer is required and in any event the Division had 30 days' notice the matter was set for resolution.

■ The case, however, was not set for trial and the notice given the Division was on a motion for default. This would not satisfy the requirement set out in ORS 482.560(1). A fact finding trial, perhaps to a jury, is markedly different than a hearing on a motion for default where the issue is simply whether a required response has been made.

The remaining issue is whether a response is required by the Division. If not, then the matter is at issue and must be set for trial with the requisite notice. If further pleading is required and not forthcoming the motion and order of default is proper.

■ The same issue arose in *Maupin v. Dept. of Motor Vehicles,* 20 Or App 77, 530 P2d 866 (1975). We held a default judgment entered against the Division, which had failed to answer a petition, was not proper when the matter had not been set for trial followed by the requisite notice. The clear implication of this holding is that no responsive pleading is required in ORS 482.560(1) proceedings.[1] When a petition is filed, which is sufficient to state a cause of action, (*see Sowles v. Dept. of Motor Vehicles,* 3 Or App 117, 472 P2d 839 (1970)) the matter is at issue and the court should proceed to set it for trial. Since the matter here was not set for trial and notice given, it was error to grant the default.

■ We note that many of the appellate decisions regarding ORS 482.560(1) proceedings disclose the

---

[1] Chief Judge Schwab in his concurring opinion, in *Maupin v. Dept. of Motor Vehicles,* 20 Or App 77, 530 P2d 866 (1975), concluded a responsive pleading should be required.

Division filed some type of responsive pleading to the petition. *Garcia v. Dept. of Motor Vehicles,* 253 Or 505, 456 P2d 85 (1969) (answer); *Heer v. Dept. of Motor Vehicles,* 252 Or 455, 450 P2d 533 (1969) (answer); *Maupin v. Dept. of Motor Vehicles, supra* (motion to strike); *Ames v. Motor Vehicles Division,* 16 Or App 288, 517 P2d 1216 (1974) (demurrer); *Sowles v. Dept. of Motor Vehicles, supra* (demurrer). There may be some confusion among the Bench and Bar as to what pleading is required and what permitted. We have held no responsive pleading is required on the part of the Division to make the matter at issue. There is some appealing logic in the argument that if none is required then none is permitted. This logic overlooks the requirement that the petition state a cause for relief, *Sowles v. Dept. of Motor Vehicles, supra,* and that it is assigned the role of a complaint setting the issues to be decided, *Garcia v. Dept. of Motor Vehicles, supra.* Following closely the logic of the proposition would allow petitioner to file an insufficient petition or a petition containing irrelevant, sham, frivolous or indefinite allegations not subject to challenge.

ORS 1.160 provides:

"When jurisdiction is, by the Constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceedings is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

Under this statute it is appropriate for a court to strike pleadings and to entertain demurrers and motions designed to reform the pleading in order that they properly state the controversy. *See, Bienz v. City of Dayton,* 29 Or App 761, 566 P2d 904 (1977). In some instances it may be appropriate for the Division to file an answer. For example in *Garcia* and *Heer* the petitions challenged the constitutionality of the procedures and underlying statutes. An answer may, in that

instance, be useful to frame the issues for resolution. In the ordinary petition, however, which raises one or more of the five issues cognizable in this type of proceedings (ORS 482.550(2)) an answer may not be necessary. Petitioner is appealing a decision already made by the Division, and supported before a hearings officer, that all of the five criteria of the statute (ORS 482.550(2)) have been met. To again assert they have been met by an answer denying the allegations in a petition that they have not, would be superfluous.

■ Although we interpret ORS 482.560(1) as not requiring a response by the Division, the court may permit a response including an answer. These permissive pleadings, however, are not elevated to the status of prerequisites for setting the matter for trial.

Reversed and remanded for further proceedings.

**TANZER, J.,** concurring.

I concur because, as we noted in *Maupin v. Dept. of Motor Vehicles,* 20 Or App 77, 530 P2d 866 (1975), no responsive pleading is required by ORS 482.560(1). The gratuitous discussion by the majority regarding the nature and utility of responsive pleadings is therefore dicta in which I do not join.