Submitted on record and appellant's brief January 8,
reversed and remanded for trial January 26, 1981

In the Matter of the refusal to Submit
to A Breath Test by:
DUYN,
*Respondent,*
*v.*
MOTOR VEHICLES DIVISION,
*Appellant.*

(No. 35761, CA 18551)

622 P2d 757

James M. Brown, Attorney General, John R. McCulloch,
Jr., Solicitor General, and William F. Gary, Deputy Solici-
tor General, Salem, filed the brief for appellant.

Robert M. Johnstone, McMinnville, waived appearance
for respondent.

Before Joseph, Chief Judge, and Warden and Warren,
Judges.

PER CURIAM

## PER CURIAM

The Motor Vehicles Division sought to suspend petitioner's operator's license because of his refusal to submit to a breathalyzer test following his arrest for driving under the influence of intoxicants. After a hearing before the Division, petitioner appealed the suspension order to circuit court under ORS 482.560. The circuit court granted petitioner relief, and the Division appeals.

■ A petition for circuit court *de novo* review of a suspension order in a breathalyzer refusal case must allege the factual basis of the petitioner's claim that the suspension order was erroneous. The scope of the administrative hearing and of *de novo* review in circuit court is limited to the five grounds enumerated in ORS 482.550[1] and to a sixth judicially recognized ground (concerning the regularity of an officer's sworn report). *Blackburn v. MVD,* 33 Or App 397, 576 P2d 1267 (1978).

_____
[1] ORS 482.550:

"(1) If a request for a hearing is filed, the hearing shall be before a representative of the division in the county where the alleged offense occurred unless there is an agreement between the person and the division that the hearing be conducted elsewhere. In connection with such hearing, the division or its authorized representative may administer oaths and shall issue subpenas for the attendance of witnesses requested by the person or the division and the production of relevant documents. The hearing shall be recorded by whatever means may be determined by the division and shall include testimony and exhibits, if any. The record of the proceedings shall not be transcribed unless requested by a party to the proceeding. Upon an affirmative finding on each matter listed in subsection (2) of this section, the division shall issue an order suspending the license, privilege or permit of the person to drive a motor vehicle, effective as provided in ORS 482.560. Otherwise, no suspension shall be ordered.

"(2) The scope of the hearing shall be limited to:

"(a) Whether the person at the time he was requested to submit to a test was under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance;

"(b) Whether the police officer had reasonable grounds to believe, at the time the request was made, that the person refusing to submit to the test had been driving under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance;

"(c) Whether the person refused to submit to a test;

"(d) Whether such person was informed of the consequences, under ORS 482.540 to 482.560, of his refusal to submit to the test; and

"(e) Whether such person was informed of his rights as provided in ORS 487.810."

■    Petitioner's amended petition alleged no facts constituting a recognized ground for relief. It did not state a factual basis for setting aside the suspension order. It was error for the circuit court to enter a judgment on these pleadings for petitioner. *Ames v. Motor Vehicles Division,* 16 Or App 288, 517 P2d 1216 (1974).

Reversed and remanded for trial.